JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiff-appellant Restaurant Developers Corporation ("Restaurant Developers") appeals from the order of the trial court dismissing its cause of action without prejudice against defendants-appellees the Peterson Group, Inc., et al. ("Peterson Group"). For the following reasons, we affirm in part; reverse in part and remand.
 {¶ 3} The record reveals the following facts: Restaurant Developers is a franchisor of "Mr. Hero" restaurants. In January 1999, Restaurant Developers entered into a franchise agreement with the Peterson Group.
 {¶ 4} In October 2000, Restaurant Developers and the Peterson Group entered into a development agreement, whereby the Peterson Group purchased the ability to acquire up to ten additional "Mr. Hero" franchises at specific locations in Montgomery County, Franklin County, and Hamilton County. In exchange for this right, the Peterson Group agreed to pay Restaurant Developers $66,000, which was secured by a promissory note.
 {¶ 5} In April 2001, Restaurant Developers and the Peterson Group entered into another franchise agreement, whereby the Peterson Group was granted a revocable license to operate a "Mr. Hero" restaurant in Dayton, Ohio.
 {¶ 6} On April 6, 2004, Restaurant Developers filed a complaint alleging that the Peterson Group had failed to make all of the required payments as required by the various franchise agreements, development agreement, and promissory note. Restaurant Developers sought a declaration that the various franchise agreements and development agreement were lawfully terminated by reason of the breaches and default by the Peterson Group.
 {¶ 7} On May 28, 2004, the Peterson Group filed a motion to dismiss, which was denied by the trial court on July 2, 2004.
 {¶ 8} On August 24, 2004, the Peterson Group filed a motion to transfer, an answer, and a response to Restaurant Developer's then pending motion for default judgment. On September 15, 2004, these motions were stricken because a non-attorney, non-party had filed them.
 {¶ 9} On September 20, 2004, the Peterson Group was granted leave to obtain new counsel and file an answer to Restaurant Developer's complaint.
 {¶ 10} On October 1, 2004, the Peterson Group filed an answer to Restaurant Developer's complaint. Trial was scheduled for January 11, 2005.
 {¶ 11} On December 14, 2004, the Peterson Group filed a motion for leave to file an amended answer and counterclaim, which was granted by the trial court on December 17, 2004. In the counterclaim, the Peterson Group alleged that Restaurant Developers failed to perform its duties as required under the franchise and development agreements.
 {¶ 12} On December 28, 2004, Restaurant Developers filed a motion for continuance of trial, which was denied by the trial court on January 6, 2005. On January 7, 2005, the trial court dismissed the complaint and counterclaim without prejudice.
 {¶ 13} It is from these orders that Restaurant Developers now appeals and raises the following two assignments of error.
 {¶ 14} "I. The trial court's granting of appellees' motion for leave to file an amended answer and counterclaim three (3) days after the motion for leave was filed and just twenty-five (25) days before trial was scheduled was an error of law and an abuse of discretion."
 {¶ 15} In its first assignment of error, Restaurant Developers argue that the trial court erred in granting the Peterson Group's motion for leave to file an amended answer and counterclaim four weeks before trial. We disagree.
 {¶ 16} Pursuant to Civ.R. 13(F), the trial court may permit a party leave of court to include a counterclaim that was omitted through oversight, inadvertence or excusable neglect, or when "justice requires."[1] Josselson v. Josselson (1988), 52 Ohio App.3d 60, 61;Nat'l City Bank v. Fleming (1981), 2 Ohio App.3d 50, 54. The moving party has the burden to explain, with particularity, why a Civ.R. 13(F) motion should be granted. Rosenberg v. Gattarello (1976),49 Ohio App.2d 87, 92. Whether to grant a Civ.R. 13(F) motion is solely at the discretion of the trial court and will not be disturbed unless the ruling was an abuse of discretion. Nat'l City v. Fleming,
supra. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Id.
 {¶ 17} Here, the Peterson Group gave the following explanations for failing to file a timely counterclaim: (1) Local counsel had only been retained two weeks before the original answer was prepared and filed; and (2) upon further investigation, counsel discovered that the Peterson Group had several claims against Restaurant Developers arising out of the same subject matter as Restaurant Developer's complaint. These explanations are sufficient to demonstrate that the trial court did not abuse its discretion in allowing the Peterson Group to file a counterclaim.
 {¶ 18} First, there is no evidence that the Peterson Group acted with undue delay. Although Restaurant Developers' complaint was filed on April 6, 2004, the Peterson Group's motion to file an amended answer and counterclaim was filed on December 14, 2004, only nine weeks after the original answer had been filed. Moreover, Restaurant Developers did not obtain service on all defendants until June 2004, and the Peterson Group did not obtain local counsel until September 17, 2004.
 {¶ 19} Next, Restaurant Developers has not established that the motion for leave to amend was filed in bad faith, or that it was unduly prejudiced by the granting of the motion. The only specific allegation of prejudice that Restaurant Developers raises is that the trial was scheduled in less than four weeks. However, we do not find this sufficient to demonstrate undue prejudice. No new issues were injected into the proceedings; Restaurant Developers was aware from the original answer that the Peterson Group denied liability and denied being responsible for breaching the various agreements which formed the basis of Restaurant Developers' complaint. Restaurant Developers had ample time to prepare its defense to the counterclaim.
 {¶ 20} In light of the liberal pleading amendment rules and the policy underlying those rules, we find that the trial court acted well within its discretion in granting the Peterson Group's motion for leave to file an amended answer and counterclaim. Restaurant Developers has not demonstrated bad faith, undue delay, or undue prejudice.
 {¶ 21} Assignment of Error I is overruled.
 {¶ 22} "II. The trial court's sua sponte dismissal of appellant's claims was an abuse of discretion, an error of law and deprived appellant of due process of law."
 {¶ 23} In its second assignment of error, plaintiff argues that the trial court erred in dismissing the case without prejudice.[2] We agree. Civ.R. 4(E) and 41(B)(1) expressly require that notice be provided to a plaintiff before the trial court dismisses an action on its own motion, even where the dismissal is without prejudice. DiBeneditto v.Pelican Beach Golf Club, Inc. (Oct. 1, 1992), Cuyahoga App. No. 62870. Here, the record does not indicate that the trial court gave any notice of its intent to dismiss the case. Accordingly, the second assignment of error is sustained.
 {¶ 24} The portion of the trial court's judgment dismissing the complaint and counterclaim is reversed, and this cause is remanded for further proceedings on those claims. The trial court's judgment is affirmed in all other respects.
Judgment affirmed in part; reversed in part and cause remanded.
It is ordered that appellees and appellant share equally the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COONEY, J. and CALABRESE, JR., J., CONCUR.
[1] See, also, Civ.R. 15(A), which allows amendments to pleadings with leave of the trial court.
[2] Indeed, the Peterson Group appears to concede this assignment of error and does not object to the matter being remanded with instructions to the trial court to proceed with the merits of the complaint and counterclaim.