JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendants-appellants, Mark and Irene Evans, appeal the judgment of the Cuyahoga County Court of Common Pleas that granted summary judgment to plaintiff-appellee, ABN AMRO Mortgage Group ("ABN AMRO").[1] For the reasons stated herein, we reverse the judgment of the trial court and remand for further proceedings.
 {¶ 2} On April 19, 2006, ABN AMRO filed a complaint for foreclosure against appellants.[2] The complaint alleged that appellants had defaulted on a promissory note and mortgage that secured the same. ABN AMRO claimed to be due and owing the sum of $266,383.52 plus interest at the rate of 6.375 percent per annum from November 1, 2005.
 {¶ 3} The matter was referred to a court magistrate. After being granted leave of court, appellants filed an answer with reservation of counterclaim.
 {¶ 4} ABN AMRO filed a motion for summary judgment with attached exhibits and a supporting affidavit on July 19, 2006. This motion was filed without a certificate of readiness as instructed in a prior court order. Appellants filed a motion for extension of time to respond to the motion, claiming that the *Page 4 
motion was premature and that they had not had the opportunity to conduct discovery or been afforded time to develop their claims. This motion was granted.
 {¶ 5} A case management conference was held on September 22, 2006, at which a briefing schedule was set. On September 29, 2006, appellants filed an amended answer with affirmative defenses, counterclaims, and third-party claims.
 {¶ 6} ABN AMRO moved to strike appellants' amended pleading, asserting that it was filed without leave of court. ABN AMRO also filed a reply to the counterclaims. The trial court granted the motion to strike without explanation.
 {¶ 7} Thereafter, appellants filed a motion for leave to file amended answer, counterclaims, and third-party claims. A copy of the amended pleading appellants sought to file was attached to their motion. They sought to assert the following counterclaims against ABN AMRO: (1) improvident lending, (2) breach of fiduciary duty, (3) violations of the Ohio Consumer Sales Practices Act, (4) negligence, (5) negligent and intentional misrepresentation, (6) violations of the Mortgage Loan Broker Act, (7) civil conspiracy, and (8) unconscionability.
 {¶ 8} Appellants also sought to assert the following third-party claims against Ohio Lending Solutions, Inc.: (1) violations of the Mortgage Loan Broker *Page 5 
Act, (2) unjust enrichment, (3) breach of fiduciary duty, and (4) violations of the Ohio Consumer Sales Practices Act.
 {¶ 9} Appellants set forth factual allegations in support of their claims. The allegations centered on the propriety of a second refinance loan transaction. Appellants alleged that the second refinance was inappropriate and that they did not realize a benefit. They claimed that the entire purpose of the transaction was to enrich the broker, with no benefit to appellants.
 {¶ 10} In their motion for leave, appellants asserted that the trial court had granted them leave to file their amended pleading at the hearing held on September 22, 2006. The trial court denied the motion for leave and, on the same date, granted ABN AMRO's motion for summary judgment.
 {¶ 11} The magistrate issued a decision on May 29, 2007. Appellants filed objections to this decision. The trial court overruled the objections, adopted the magistrate's decision, and issued a decree of foreclosure in favor of ABN AMRO.
 {¶ 12} Appellants filed this appeal, raising two assignments of error for our review. Their first assignment of error provides as follows: "The trial court erred as a matter of law and to the prejudice of appellants and abused its discretion when it denied appellants' motion for leave to file an amended answer, affirmative defenses, counterclaims and third party claims."
 {¶ 13} It is within the trial court's discretion to grant or deny leave to *Page 6 
amend, and this court will not reverse the trial court's decision absent an abuse of that discretion. Turner v. Cent. Local School Dist,85 Ohio St.3d 95, 99, 1999-Ohio-207. Abuse of discretion connotes more than an error of law; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 14} "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." Civ. R. 13(F). According to Civ. R. 15(A), which governs the amendment of pleadings, "[l]eave of court shall be freely given when justice so requires."
 {¶ 15} Although denial of such leave is within the sound discretion of the trial court, it has been recognized that "Civ. R. 15(A) favors a liberal amendment policy and absent evidence of bad faith, undue delay or undue prejudice, a party's motion for leave to amend should be granted." Williams v. Harsco Corp. (1994), 94 Ohio App.3d 441, 446, discretionary appeal not allowed, 70 Ohio St.3d 1441; see, also,Restaurant Developers Corp. v. The Peterson Group, Cuyahoga App. No. 85926, 2005-Ohio-5448. The primary consideration when deciding whether to grant or deny leave to amend is whether there will be actual prejudice because of delay. Darby v. A-Best Prods. Co.,102 Ohio St.3d 410, 415, 2004-Ohio-3720. Further, where it is possible that a party, by an amended *Page 7 
pleading, may set forth a claim upon which relief can be granted, it is tendered timely in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended pleading is an abuse of discretion. Bd. of Edn. v. URS Co. (Dec. 7, 1989), Cuyahoga App. No. 56260; cf. Peterson v. Teodosio (1973), 34 Ohio St.2d 161, paragraph six of the syllabus.
 {¶ 16} It also has been stated that a moving party should make "at least a prima facie showing [of] support for the new matters sought to be pleaded." Wilmington Steel Products, Inc. v. Cleveland ElectricIlluminating Co. (1991), 60 Ohio St.3d 120, 123. However, that consideration is meant to help determine whether the amendment is "simply a delaying tactic, [or] one which would cause prejudice to the defendant." Darby, 102 Ohio St.3d at 415.
 {¶ 17} In this case, we find that granting appellants leave would not have caused undue delay or prejudice to ABN AMRO. When appellants filed their original answer, they indicated their belief that questionable refinancing occurred and that discovery might reveal defenses and counterclaims. At the case management conference held by the trial court on September 22, 2006, the court set a discovery deadline of January 5, 2007. Only a few days after the case management conference, and after some informal discovery purportedly occurred, appellants filed their amended pleading. Although not in the record, appellants alleged that they were granted leave at the September 22 hearing. *Page 8 
ABN AMRO filed a response to the counterclaims. Ultimately, the pleading was stricken as having been filed without leave of court. Thereafter, appellants requested leave of court to file their amended answer with affirmative defenses, counterclaims, and third-party complaint. This was prior to any ruling on the motion for summary judgment and prior to any trial date being set.
 {¶ 18} From the record before us, there was no indication that appellants acted with undue delay, in bad faith, or that undue prejudice would result to the nonmoving party. Further, their pleading alleged sufficient facts in support of the claims. The trial court provided no rationale for its determination to deny leave.
 {¶ 19} Given the policy favoring liberal amendment of pleadings under Civ. R. 15 (A), the lack of prejudice to ABN AMRO, the preference to resolve cases on their merits, and the absence of any apparent reason for denying leave, we find that the trial court abused its discretion in not permitting appellants to file their amended answer with affirmative defenses, counterclaims, and third-party claims. Appellants' first assignment of error is sustained.
 {¶ 20} Appellants' second assignment of error provides as follows: "The trial court erred as a matter of law and to the prejudice of appellants when it granted appellee's motion for summary judgment."
 {¶ 21} This court reviews a trial court's grant of summary judgment de *Page 9 
novo. Ekstrom v. Cuyahoga Cty. Community College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood Police Dept,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State ex rel. Duganitz v.Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191, 1996-Ohio-326.
 {¶ 22} In this case, ABN AMRO submitted an affidavit of Michelle de Craen. The affiant attested that she was an officer of ABN AMRO with personal knowledge of appellants' loan account. She stated that the promissory note and mortgage deed attached to ABN AMRO's complaint were true and accurate copies of the original instruments and that ABN AMRO had exercised the acceleration option. She further stated that a true record of payments of the account was attached and set forth the amount presently due and owing thereon. Appellants did not file a brief in opposition to summary judgment.
 {¶ 23} Nevertheless, because the appellants were denied leave to file their amended pleading and were not afforded the opportunity to present additional *Page 10 
issues, including, among others, the enforceability of the loan agreement and the acceleration clause, and whether ABN AMRO was entitled to foreclosure, we do not find that ABN AMRO was entitled to summary judgment on its claim. As we have already found that appellants should be permitted to file their amended answer with affirmative defenses, counterclaims, and third-party claims below, we find that justice requires the reversal of summary judgment.
 {¶ 24} For the foregoing reasons, appellants' second assignment of error is sustained.
Judgment reversed and cause remanded.
It is ordered that appellants recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] ABN AMRO Mortgage Group, Inc., filed a notice with this court indicating that it merged into CitiMortgage, Inc., effective September 1, 2007. Because ABN AMRO was the party named in the complaint and pleadings in this matter, we shall continue to refer to plaintiff-appellee as ABN AMRO in this appeal.
[2] Also named as defendants were the following parties that are not involved in this appeal: CitiFinancial, Inc., Fairview Hospital, and SFZ Direct Marketing Inc. *Page 1