[Cite as *Body Power, Inc. v. Mansour*, 2014-Ohio-1264.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| BODY POWER, INC., | : | APPEAL NO. C-130479 |
| | | TRIAL NO. A-9308903 |
| Plaintiff, | : | |
| and | : | |
| | | *O P I N I O N.* |
| MICHAEL FRY, | : | |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| JOSEPH MANSOUR, | : | |
| Defendant-Appellant, | : | |
| and | : | |
| L.M., INC., et al., | : | |
| Defendants. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  March 28, 2014

*Joseph Mansour*, pro se,

*Michael Fry*, pro se.

Please note:  this case has been removed from the accelerated calendar.

HILDEBRANDT, Presiding Judge.

{¶1} Defendant-appellant Joseph Mansour appeals the judgment of the Hamilton County Court of Common Pleas denying his motion to pierce the corporate veil of plaintiff Body Power, Inc. We find merit in one of his three assignments of error. Therefore, we reverse the trial court's judgment in part and remand the cause for further proceedings.

## I.    A Long, Tortured History

{¶2} This case has been going on for two decades. In October 1993, Body Power sued Mansour and two corporations that he controlled, L.M., Inc., and INF Enterprises, Inc., seeking damages and the appointment of a receiver for business assets that Mansour had allegedly concealed or misappropriated. The trial court subsequently appointed a receiver to take control of Mansour's companies while the lawsuit was pending. Following a bench trial, the court granted judgment in favor of Body Power, which then began trying to collect on its judgment.

{¶3} Mansour appealed that judgment. This court held that the trial court had abused its discretion by allowing Mansour's counsel to withdraw on the day of trial and by overruling his motion for a continuance. Consequently, we reversed the trial court's judgment and remanded the cause for further proceedings. *Body Power, Inc. v. Mansour*, 1st Dist. Hamilton No. C-950281 (Feb. 16, 1996).

{¶4} On remand, the trial court granted summary judgment in Mansour's favor. It also ordered Body Power to pay all of the costs in the case. Body Power appealed that judgment, but the appeal was dismissed. *Body Power, Inc. v. Mansour*, 1st Dist. Hamilton No. C-960801 (Nov. 29, 1996). Body Power then filed a Civ.R. 60(B) motion for relief from judgment, which the trial court denied.

{¶5} The trial court also granted the receiver's motion to terminate the receivership because it no longer had any assets. The court ordered Body Power, Mansour

and a third-party intervenor each to pay one-third of the receiver's fees. Mansour appealed the trial court's judgment. We affirmed that part of the trial court's decision terminating the receivership. But we reversed that part of the trial court's decision assessing some of the receiver's fees against Mansour, holding that "the earlier decision by [the trial court] assessing all costs against Body Power was res judicata and that [the trial court's] later allocation of responsibility for the fees cannot be given effect against appellants here." *Body Power, Inc. v. Mansour*, 1st Dist. Hamilton No. C-970796, 1998 Ohio App. LEXIS 3696 (Aug. 14, 1998).

{¶6}   Mansour filed a motion asking the trial court to enforce the summary judgment and to return the business assets to his control. In 1999, the court overruled the motion, stating that the cause had been dismissed as a result of the summary judgment in Mansour's favor, and that there was "no case pending and no judgment which can be enforced." But the court did not issue a final appealable order with respect to that decision until 2006.

{¶7}   Mansour appealed the trial court's 2006 judgment. We reversed, holding that the trial court had the authority to enforce its judgment. We remanded the cause to the trial court "for enforcement of the summary judgment to the extent necessary to properly allocate the business assets, if any remain." *Body Power, Inc. v. Mansour*, 1st Dist. Hamilton No. C-060847 (May 16, 2007).

{¶8}   On remand, the trial court held two hearings relating to the value of the business assets. The receiver testified that the business assets had been sold or taken by other creditors, and that no assets remained in the receivership. The trial court entered judgment in favor of Body Power. It stated that "after considering all the testimony, the Court determined that Joseph B. Mansour failed to prove that any assets from this lawsuit still exist. Therefore, the Court cannot allocate any assets since none have been proven to exist."

{¶9}   Mansour again appealed the trial court's judgment.  We rejected Mansour's argument that the trial court erred in failing to dismiss Body Power as a party and substituting its sole officer, Fry, as the real party in interest.  We held that even though Body Power's articles of incorporation had been cancelled, it still existed for the purpose of winding up its affairs, including the ongoing litigation.  Therefore, Body Power remained the real party in interest.  We also rejected Mansour's argument that trial court erred in denying him leave to file a compulsory counterclaim.

{¶10}  But Mansour also contended that the trial court had erred in "denying the reasonable value of the business and property after Mansour produce[d] uncontroverted, undisputed evidence of value."  He argued that his business assets were taken and put into receivership based on a judgment that that was ultimately reversed.  He claimed that because he was granted summary judgment, he was entitled to receive the value of those assets.

{¶11}  This court agreed, stating that "Body Power took the business assets based on its original judgment that this court later reversed.  Those assets have apparently been sold, or at least they were never returned to Mansour.  He is entitled to the value of those assets and to the proceeds of any sale."  We reversed the trial court's judgment and remanded the cause to the trial court "to determine the value of the assets that were originally put into receivership.  If the assets themselves cannot be returned, then the court should award Mansour the value of those assets."  *Body Power, Inc. v. Mansour*, 1st Dist. Hamilton No. C-080155 (Nov. 26, 2008).

{¶12}  On remand, Mansour moved to pierce the corporate veil of Body Power, Inc., arguing that Fry, acting as the sole officer and shareholder of Body Power, was personally liable for judgments entered against Body Power under the "alter ego" doctrine.  The trial court denied the motion, stating that it could not consider it based on this court's Nov. 28, 2008 judgment entry.  It then held a hearing on the value of the business assets, and

4

entered judgment in favor of Mansour in the amount of $578,334.20, plus prejudgment interest.

{¶13} Mansour appealed that judgment. He contended that the trial court erred by denying his motion to pierce the corporate veil. We agreed. We stated that while we had remanded the cause to the trial court with the instruction to determine the value of the business assets that had been placed in the receivership, we had not included any limiting language in our remand. We added, "Thus, the trial court regained jurisdiction and had the authority to consider the merits of Mansour's motion to pierce the corporate veil, particularly when there was evidence that Fry had sold his stock in the corporation during the litigation." We reversed the trial court's decision in part, and remanded the cause to the trial court to consider the merits of Mansour's motion to pierce the corporate veil. *Body Power, Inc. v. Mansour*, 1st Dist. Hamilton No. C-090377 (Mar. 10, 2010).

{¶14} On remand, Fry filed a motion to be named the real party in interest. In his motion, he contended that he was now a pro se litigant and that he had been "directly or indirectly involved" in the case since its inception in 1993. He stated, "I am being sued by Joseph Mansour and require electronic access to any and all available documents to assist me in the course of this litigation." The trial court granted the motion.

{¶15} Mansour renewed his motion to pierce the corporate veil and requested an evidentiary hearing, which the trial court denied. In its judgment entry denying the motion, the trial court recited the long history of the case. It also discussed two related cases between the parties. First, it noted that "[i]n case number A9103179, Body Power sued L.M. Inc. ("LMI") for breach of contract alleging that Mansour had refused to pay Body Power. Body Power obtained a favorable verdict at trial." It also stated that "[o]n July 19, 2003, Mansour and his company INF sued Fry and Body Power. In Case No. A0304095, Mansour sued for fraud, unjust enrichment and conversion. After a jury trial, a verdict was rendered in favor of Fry and Body Power on all counts. Mansour appealed but the appeal was denied on all grounds." *See INF Ent., Inc. v. Fry*, 1st Dist. Hamilton No. C-050219 (July 19, 2006).

5

{¶16} The court further stated that "this Court has made a thorough review of the lengthy and complicated record to this case. The parties to this case have been involved in three factually related lawsuits which have generated six trips to the Court of Appeals, five in this case alone." It held, "after a comprehensive review of the record," that Mansour's motion to pierce the corporate veil "is barred under the doctrine of res judicata, specifically issue preclusion." This appeal followed.

## II. Motion to Pierce the Corporate Veil

{¶17} In his first assignment of error, Mansour contends that the trial court erred in denying his motion to pierce the corporate veil without holding an evidentiary hearing. He argues that the trial court improperly took judicial notice of the case numbered A-0304095, a separate case involving the same parties, in finding that his motion was barred by res judicata. This assignment of error is well taken.

### A. Judicial Notice

{¶18} The trial court did not specifically state that it was taking judicial notice of the proceedings in the case numbered A-0304095 and our subsequent decision affirming the judgment, but it discussed the case in its entry denying Mansour's motion to pierce the corporate veil. Since the court did not hold an evidentiary hearing, and the record in that case was never admitted into evidence, the trial court must have necessarily taken judicial notice of the case numbered A-0304095.

{¶19} Mansour is correct in stating that the trial court was precluded from taking judicial notice of the case numbered A-0305095. Evid.R. 201(B) does not permit a trial court to take judicial notice of prior proceedings either in its own court or another court, even when they are between the same parties. *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 22; *Dombelek v. Admr., Bureau of Workers' Comp.*, 154 Ohio

App.3d 338, 2003-Ohio-5151, 797 N.E.2d 144, ¶ 26 (7th Dist.); *In Re $5,970.74 U.S. Currency & Two Gold Chains*, 1st Dist. Hamilton No. C-880707, 1989 Ohio App. LEXIS 4491, *4-5 (Dec. 6, 1989). The rationale for this rule is that if a trial court takes judicial notice of a prior proceeding, the appellate court cannot review whether the trial court correctly interpreted the prior case because the record of the prior case is not before the appellate court. *Dombelek* at ¶ 26. The proper procedure is to admit the trial record as an exhibit under Civ.R. 44. *In Re $5,970.75 U.S. Currency* at *5; *Maloney v. Maloney*, 34 Ohio App.3d 9, 11-12, 516 N.E.2d 251 (11th Dist.1986).

### B. Res Judicata

{¶20} The doctrine of res judicata includes two related concepts of claim preclusion and issue preclusion. *State ex rel. Schachter v. Ohio Public Emp. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, 905 N.E.2d 1210, ¶ 27; *Mitchell v. Internatl. Flavors & Fragrances, Inc.*, 179 Ohio App.3d 365, 2008-Ohio-3697, 902 N.E.2d 37, ¶ 13 (1st Dist.). Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. The previous action is conclusive for all claims that could have been litigated in the first action. *State ex rel. Schachter* at ¶ 27. Issue preclusion, or collateral estoppel, precludes the relitigation, in a second action, of an issue that had been actually and necessarily determined in a prior action that was based on a different cause of action. *Id.* at ¶ 28; *Mitchell* at ¶ 13.

{¶21} The corporate form may be disregarded and individual shareholders may be held liable for wrongs committed by the corporation when (1) control over the corporation by those to be held liable was so complete that the corporation had no separate mind, will or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud, an illegal act or a similarly unlawful act against the

person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong. *Dombroski v. Wellpoint, Inc.*, 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538 (2008), syllabus; *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 617 N.E.2d 1075 (1993), paragraph three of the syllabus; *Huttenbauer Land Co., LLC v. Harley Riley, Ltd.,* 1st Dist. Hamilton No. C-110842, 2012-Ohio-4585, ¶ 16-17. Nevertheless, limited shareholder liability is the rule, and piercing the corporate veil is the "rare exception" that should be "applied in the case of fraud or certain other exceptional circumstances." *Dombroski* at ¶ 26, quoting *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475, 123 S.Ct. 1655, 155 L.Ed.2d 643 (2003).

{¶22} We do not have the record of the case numbered A-0304095 before us, and therefore, we cannot review whether the issues raised in that case would preclude relitigation in this case. Nothing in the extensive record in the case before us shows that the trial court ever considered whether Fry exercised such control over Body Power and whether he committed the level of misconduct necessary to justify piercing the corporate veil.

{¶23} Consequently, we sustain Mansour's first assignment of error. We reverse the trial court's judgment denying his motion to pierce the corporate veil, and remand the cause for an evidentiary hearing on the issue. If the record of the case numbered A-9304905, or for that matter the case numbered A-9103179, are relevant to whether those issues have already been or could have been litigated, the records of those case should be admitted into evidence.

### III. Motion for Leave to File Counterclaims

{¶24} In his second assignment of error, Mansour contends that the trial court erred in denying his motion for leave to file new counterclaims based on fraud and unjust enrichment, and seeking to pierce the corporate veil. He claims that these counterclaims

were based on testimony from Fry in 2009 and 2010 judgment debtor examinations to the effect that Body Power was a "shell corporation," that he had transferred all of the stock of Body Power to his mother to settle a personal debt, that Body Power had no corporate records and no assets, and that it had not transacted any business since 1993. This assignment of error is not well taken.

{¶25} Civ.R. 13(F) provides that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." The moving party has the burden to explain, with particularity, why that party's motion for leave to amend should be granted. *Restaurant Dev. Corp. v. Peterson Group, Inc.*, 8th Dist. Cuyahoga No. 85926, 2005-Ohio-5448, ¶ 16. But the decision to grant or deny the motions lies within the trial court's discretion. *Id.*; *Chase Manhattan Mort. Corp. v. Urquhart,* 12th Dist. Butler Nos. CA2004-04-098 and CA2004-10-271, 2005-Ohio-4627, ¶ 17. *See Hoover v. Sumlin*, 12 Ohio St.3d 1, 5-6, 465 N.E.2d 377 (1984), *modified on other grounds*, *Jim's Steakhouse, Inc. v. Cleveland*, 81 Ohio St.3d 18, 688 N.E.2d 506 (1998); *Heard v. Dubose*, 1st Dist. Hamilton No. C-060265, 2007-Ohio-551, ¶ 7.

{¶26} Nevertheless, a court should grant leave to amend to add a counterclaim when "justice so requires." The primary consideration should be whether there will be actual prejudice because of the delay. Where a party, by an amended pleading, may set forth a claim upon which relief can be granted and tenders the amendment timely and in good faith, the denial of leave to file the pleading is an abuse of discretion. *ABN AMRO Mtge. Group, Inc. v. Evans*, 8th Dist. Cuyahoga No. 90499, 2008-Ohio-4223, ¶ 14-15.

{¶27} While Mansour claims that his counterclaims were based on information raised in the 2009 and 2010 judgment debtor examinations, they actually involved facts that he has raised many times in the course of the litigation. In fact, Mansour raised many of the issues in the counterclaims in his motion to pierce the corporate veil, which was before the court when he sought leave to file the counterclaims. Mansour waited 20 years

9

after the filing of the original complaint, through years of legal proceedings and appeals, to assert these counterclaims, which were based on information he knew long before he sought leave to file them. We believe that it would have been highly prejudicial to permit him to assert these counterclaims at this stage of the proceedings.

{¶28} Under the circumstances, we cannot hold that the trial court's decision denying him leave to file his counterclaims was so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218, 450 N.E.2d 1140 (1983); *Restaurant Dev. Corp.* at ¶ 16. We overrule Mansour's second assignment of error.

### IV. *Real Party In Interest*

{¶29} In his third assignment of error, Mansour contends that the trial court erred in denying his motion to pierce the corporate veil when it had ruled that Fry was the real party in interest. He argues that the ruling essentially proves that Fry is the alter ego of Body Power, and, therefore, the court should have granted his motion to pierce the corporate veil on that basis. This assignment of error is not well taken for two reasons.

{¶30} First, the trial court was incorrect in naming Fry as the real party in interest. In our November 28, 2008 judgment entry, we rejected an argument, raised by Mansour, that Fry was the real party in interest. We held that Body Power remained the real party in interest, which became the law of the case. Under the law-of-the-case doctrine, "a decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both trial and reviewing court levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984); *State v. Fields*, 1st Dist. Hamilton No. C-090648, 2010-Ohio-4114, ¶ 6.

{¶31} This rule is necessary to ensure consistent results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts.

*Nolan* at 3; *W2 Properties, LLC v. Haboush*, 1st Dist. Hamilton No. C-120366, 2013-Ohio-2556, ¶ 7. Thus, where at a rehearing following a remand, a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court must adhere to the appellate court's determination of the applicable law. The trial court is without authority to extend or vary the mandate given. *Nolan* at 3-4; *W2 Properties* at ¶ 7.

{¶32} It appears that the trial court granted Fry's motion to be named the real party in interest so that he could appear pro so and represent himself, because he could not represent the corporation. While we understand the court's reasoning, the trial court could not ignore our previous holding that Body Power was the real party in interest, where the facts and the issues had not changed since the previous appeal.

{¶33} Second, even if the trial court's decision to name Fry as the real party in interest was proper, it would not necessarily have required the trial court to grant Mansour's motion to pierce the corporate veil. We do note that when a corporation is found to be the alter ego of the shareholders, the corporate forms are disregarded and the shareholders and the corporation are treated as one and the same. *Tessler v. Ayer*, 108 Ohio App.3d 47, 54-55, 669 N.E.2d 891 (1st Dist.1995). Nevertheless, the trial court's decision to name Fry as the real party in interest did not necessarily support the conclusion that Fry was the alter ego of Body Power or compel the trial court to grant Mansour's motion. A separate analysis exists for each of those determinations. *See Belevedere Condominium Unit Owners' Assn.*, 67 Ohio St.3d at 287, 617 N.E.2d 107; *Losantiville Holdings, LLC v. Kashanian*, 1st Dist. Hamilton No. C-110865, 2012-Ohio-3435, ¶ 17. Under the circumstances, we cannot hold that the trial court erred in denying Mansour's motion to pierce the corporate veil on that basis. Consequently, we overrule Mansour's third assignment of error.

*V.      Summary*

{¶34}  In sum, we sustain Mansour's first assignment of error.  We reverse that part of the trial court's judgment naming Fry as the real party in interest and denying Mansour's motion to pierce the corporate veil on the basis of res judicata.  We remand the cause to the trial court to hold an evidentiary hearing on Mansour's motion to pierce the corporate veil. We affirm the trial court's judgment in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

HENDON, and DEWINE, JJ., concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.