ROSENBERG ET AL., APPELLEES, *v.* GATTARELLO, APPELLANT.

88

(No. 34954—Decided July 29, 1976.)

Messrs. Spangenberg, Shibley, Traci, Lancione & Markus and Mr. John D. Liber, for appellees.
Mr. Frank K. Levin for appellant.

KRENZLER, J. On March 14, 1974, the appellees, Murray F. Rosenberg and Lee Rosenberg, filed a complaint in the Cuyahoga County Common Pleas Court against two defendants, the appellant, Anthony Gattarello, Jr., and Anthony Gattarello, Sr., dba TNT Disposal Company. In his claim for relief, appellee Murray Rosenberg alleged that on November 25, 1972 he was operating a motor vehicle north on South Green Road in Cuyahoga County; that on that date the defendants had parked a garbage truck on South Green Road at the intersection of Mackall Road in such a fashion as to block traffic; that the truck was parked by the defendants in the night season, during a blinding snowstorm, without any lights, reflectors, or warning devices around it; and that as the proximate result of the negligence and willful and wanton misconduct of the defendants, he was caused to collide with the garbage truck. After alleging that he suffered serious and permanent injuries, appellee Murray Rosenberg prayed for judgment in the amount of $150,000.

In her claim for relief, appellee Lee Rosenberg alleged that she was the wife of Murray Rosenberg, and that as a result of the negligence and willful and wanton misconduct of the defendants, she had been deprived of Murray Rosenberg's services and consortium. Appellee Lee Rosen-

berg prayed for judgment in the amount of $50,000.

On May 10, 1974, the appellant and Anthony Gattarello, Sr. filed a joint answer to the appellees' complaint. In their answer the Gattarellos denied any negligence or willful and wanton misconduct on their part, and asserted the affirmative defenses of contributory negligence and assumption of risk.

On August 6, 1974, the appellant's answers to interrogatories, previously propounded by the appellees, were filed with the Common Pleas Court.

On October 16, 1974, the appellant mailed a copy of a motion for leave to file an untimely counterclaim to the appellees' counsel. The motion itself was filed with the clerk of courts for journalization on October 21, 1974. The motion was contained in one sentence which stated, "Defendant Anthony Gattarello, Jr. moves the court for leave to file a counterclaim." The appellant did not submit any additional material in support of this motion nor did he state any reasons for its untimely filing. It is noted that the motion for leave to file the counterclaim was given to the administrative judge of the Common Pleas Court, General Division, for action but that nothing was attached thereto indicating that the trial judge who was assigned the case was unavailable to rule on the motion.

Additionally, on October 21, 1974, the appellees filed a motion in opposition to the motion for the filing of an untimely counterclaim or in the alternative a motion to strike. In support of this motion the appellees stated that a joint answer had already been filed on behalf of both Anthony Gattarello, Jr., and Anthony Gattarello, Sr.; that interrogatories had already been answered and depositions taken; and that the case had long since been at issue. The appellees asserted that under Civil Rule 13(A) the appellant had waived the right to now present a compulsory counterclaim.

On the same day, October 21, 1974, the administrative judge granted the motion of the appellant to file the counterclaim instanter. The counterclaim was then filed. In the allowed counterclaim, the appellant alleged that on

November 25, 1972, his GMC truck was parked next to the curb on South Green Road with its lights burning; that while his truck was in this position that Murray Rosenberg negligently operated his vehicle into the truck; and that as a result of this negligent operation the truck was damaged and rendered inoperable. The appellant prayed for judgment against Murray Rosenberg for damage to and loss of use of the truck in the amount of $5,070.

On October 25, 1974, the appellant filed a brief in opposition to the motion of the appellees in which he argued that the Common Pleas Court had properly granted him leave to file his counterclaim.

After a number of pre-trial conferences, on May 28, 1975, the parties stipulated that the complaint was settled and dismissed at defendants' cost. In the journal entry of settlement and dismissal, the Common Pleas Court also made the following ruling:

"Plaintiffs' motion to strike defendant's counterclaim granted."

The entry was received for journalization on May 30, 1975.

On June 17, 1975, the appellant filed a timely notice of appeal from the Common Pleas Court's ruling striking the counterclaim and assigns two errors for this court's consideration:

"I. The Trial Court erred in granting plaintiffs' motion to strike defendant's counterclaim after defendant had obtained leave to file his counterclaim.

"II. The Trial Court erred in striking defendant's counterclaim and entering judgment for plaintiffs."

Because they are related, the appellant's two assignments of error will be treated together. In them the appellant contends that the Common Pleas Court erred in dismissing his counterclaim. These assigned errors are not well taken.

In this case we are concerned with technical procedures provided for in the Ohio Rules of Civil Procedure, and in the Rules of Superintendence of the Ohio Supreme Court.

This appeal presents two issues. The first issue involves

the authority of the administrative judge of a division of a common pleas court to rule on preliminary matters in a case assigned to a trial judge under the assignment system provided for in Sup. R. 4.

The second issue to be resolved is under what conditions may a motion for leave to file an untimely counterclaim under Civil Rule 13(F) be granted.

Sup. R. 3 provides that in each multi-judge division of a court of common pleas there shall be an administrative judge who shall be the presiding officer of his division and who shall have full responsibility for and control over the administration, docket and calendar of the division which he serves. Sup. R. 4 provides for an assignment system whereby upon the filling in, or transfer to, a division of the court of a civil case, or upon arraignment in a criminal case, a case is immediately assigned by lot to a judge thereof, who thus becomes primarily responsible for the determination of every issue and proceeding in the case until its termination. Rule 4 provides that under such an assignment system, all preliminary matters, including requests for continuances, must be submitted for disposition to the judge to whom the case has been assigned, or if he is unavailable to the administrative judge.

Further, Sup. R. 4 provides that each multi-judge general division of each court of common pleas shall adopt the individual assignment system defined above for the assignment of all cases to judges of the division for disposition, effective January 1, 1972.

A civil action is commenced by the filing of a complaint. Civil Rule 3(A). If the opposing party wants to assert any defenses or claims that he may have, he must file an answer, motion, or answer and counterclaim, otherwise a default judgment may be entered against him. Civil Rule 7(A), Civil Rule 8(A), Civil Rule 8(B), Civil Rule 12(B) and Civil Rule 55(A). Civil Rule 12(A)(1) provides that the defendant shall serve his answer within 28 days after service of the summons and complaint upon him. Responses to other pleadings, such as cross-claims and counterclaims, shall also be served within 28 days after service. Civil Rule

12(A)(2). The opposing party may also file a timely counterclaim of which there are two types, a compulsory counterclaim and a permissive counterclaim. Civil Rule 13(A) and (B).[1]

A party may choose to maintain an independent action and not file a permissive counterclaim. However, if a party does not file a compulsory counterclaim, he has waived his right to assert that claim. *Dragor Shipping Corp.* v. *Union Tank Car Co.* (9th Cir., 1967), 378 F. 2d 241. It is noted, however, that if a party does not file a timely counterclaim, he may with the permission of the court file a counterclaim that would otherwise be untimely. Civil Rule 13(F). Civil Rule 13(F) is a relief provision which provides that if a pleader fails to set up a counterclaim through oversight, inadvertence or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment.

Thus, a party may file an application or a motion for permission to file an untimely counterclaim. It is noted that an application to the court for an order shall be by motion in writing, unless made during a hearing or trial. Said motion shall state with particularity the grounds therefor and shall set forth the relief or order sought. Civil Rule 7(B)(1).[2] In other words, the motion shall contain a brief written statement of reasons in support of it.

We now turn to the first issue of whether or not the

---

[1]Civil Rule 13(A) provides in pertinent part:

"(A) Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

Civil Rule 13(B) provides:

"(B) Permissive counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

[2]See also Rule 11(B) of the Local Rules of the Cuyahoga County Common Pleas Court.

administrative judge of a division of a common pleas court has authority to rule on preliminary matters in a case assigned to a trial judge under the personal docket system. The appellant argues that through custom and usage the administrative judge here had concurrent authority with the assigned judge to grant his motion for leave to file an untimely counterclaim. This argument is not valid. Ohio courts are governed not by custom and usage but by the Rules of Superintendence of the Ohio Supreme Court promulgated under authority of the Ohio Constitution, Article IV, Section 5. Under the facts in this case, we hold that the administrative judge did not have authority to rule on the motion for leave under Civil Rule 13(F).

As stated above, Sup. R. 3 gives the administrative judge full responsibility for and control over the administration, docket and calendar of the division which he serves. He also has authority under Sup. R. 4 to rule on preliminary matters, including requests for continuances, if the judge to whom the case has been assigned is unavailable. However, Sup. R. 4 clearly provides that the judge assigned the case under the personal docket system becomes primarily responsible for the determination of every issue and proceeding in the case until its termination. There is an exception, involving preliminary matters, when the trial judge is unavailable and a delay in ruling on the matters until he is available would be prejudicial. Under these circumstances, the administrative judge may act on a motion.

The administrative judge merely has authority and responsibility for and control over the administration, docket and calendar of the division. He does not have authority and responsibility for determining issues and proceedings in cases. These must be submitted for disposition to the judge to whom the case has been assigned with the exception of preliminary matters where the trial judge is unavailable and a delay in ruling on the matters until he is available would be prejudicial.

The movant before the administrative judge has an affirmative duty to demonstrate in the record that the as-

signed judge is not available to rule on said matter and that a delay in ruling until he his available would be prejudicial. This condition precedent must be complied with before the administrative judge has authority to rule on any preliminary matter. Until a showing of unavailability is made, the assigned judge has the exclusive authority to rule on preliminary matters.

The record in this case does not demonstrate that the assigned judge was unavailable to rule on the motion for leave to file a counterclaim,[3] nor does it show that a delay in ruling until the trial judge was available would have been prejudicial. Consequently, since the administrative judge did not have authority to grant the motion, the order granting said motion was null and void. The issue of whether or not to allow the counterclaim was therefore before the assigned judge who decided, in effect, to overrule the motion for leave to file an untimely counterclaim. This was a matter that was within his sound discretion. Since there is no affirmative showing in the record that the trial count abused its discretion, we will not disturb such ruling. The appellant's counterclaim which was improperly filed was correctly stricken from the file.

We will next turn our attention to the second issue to determine under what conditions a motion for leave to file an untimely counterclaim under Civil Rule 13(F) may be granted. Civil Rule 13(F), which is a relief provision for filing an untimely counterclaim, places an affirmative duty on the movant to demonstrate that he is entitled to file an omitted counterclaim. The mere filing of a one-line motion for permission to file an untimely counterclaim is not sufficient. Civil Rule 13(F) expressly states that when a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment. This language clearly places a burden on the

---

[3]Under the facts of this case, we classify the motion for leave as a preliminary matter. If a motion were not considered a preliminary matter, the assigned judge would have the exclusive authority to decide the motion.

movant to demonstrate why he should be entitled to file an untimely counterclaim. His demonstration should include a factual explanation which would justify and warrant such untimely filing. Also, see Civil Rule 7(B)(1)[4] which places an affirmative duty on the movant to submit in writing grounds in support of his motion, which grounds shall be stated with particularity. If such written material is not submitted to the trial court with the motion and the foregoing rule is not complied with, the motion should not be granted by the trial court. If the trial court grants such a motion and the record demonstrates non-compliance with Civil Rules 13(F) and 7(B)(1), and the party opposing the granting of the motion challenges said granting, the granting will be held an abuse of discretion because it clearly frustrates and violates the mandates of Civil Rule 13(F), and Civil Rule 7(B)(1).

In the present case, the appellant merely filed a one-sentence motion requesting leave to file a counterclaim. He did not allege Civil Rule 13(F) grounds, namely that his failure to timely file the counterclaim was through oversight, inadvertence, excusable neglect, or that justice required the filing of this counterclaim. Nor did he file any material setting forth facts which would support such allegations. Therefore, the motion was insufficient and the appellant was not entitled to the relief sought.

Because the assigned judge and not the administrative judge had authority to rule on the motion for leave to file a counterclaim, the assigned judge acted properly in overruling the motion for leave and in granting the appellees' motion to strike the counterclaim.

*Judgment affirmed.*

Day, J., concurs. Wasserman, J., not participating.

Wasserman, J., retired, was assigned to active duty under authority of Section 6(c), Article IV, Constitution.

---

[4]In Cuyahoga County, see Local Rule 11(B).