[Cite as *State ex rel. Ervin v. Barker*, 2013-Ohio-376.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98704**

## STATE, EX REL. LEVERT ERVIN

RELATOR

vs.

## JUDGE PAMELA BARKER

RESPONDENT

**JUDGMENT:**
WRIT DISMISSED

Writ of Mandamus
Motion Nos. 457438 and 458454
Order No. 461949

**RELEASE DATE:** February 4, 2013

**RELATOR**

Levert Ervin
No. 420633
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR RESPONDENTS**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: James E. Moss
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** On July 24, 2012, the relator, Levert Ervin, commenced this mandamus action against the respondent, Judge Pamela Barker, to compel the judge to vacate an order of the acting administrative judge allowing the taking of a testimonial deposition during trial in the underlying case, *State v. Ervin*, Cuyahoga C. P. No. CR-400774. Ervin maintains that the acting administrative judge lacked the jurisdiction to order the deposition because the requisites for allowing reassignment were not shown. Thus, that order is null and void, and mandamus will lie to compel the respondent to vacate it. On August 6, 2012, the respondent moved to dismiss, and on August 15, Ervin filed his brief in opposition and followed with his own motion for summary judgment on September 10, 2012. The respondent did not file a brief in opposition to the summary judgment motion. For the following reasons, this court grants the judge's motion to dismiss, denies Ervin's motion for summary judgment, and dismisses the application for a writ of mandamus.

**{¶2}** In the underlying case, the grand jury indicted Ervin on one count of attempted rape and 13 counts of rape of his eight-year-old daughter. On April 23, 2001, the assigned trial judge commenced voir dire. While voir dire was continuing on April 24, 2001, the prosecutor learned that the social worker would be unavailable for testimony during trial because he was scheduled for surgery on April 26. Therefore, the

prosecutor sought to take his testimonial deposition. For reasons that are not explained, the prosecutor sought permission from the acting administrative judge, not the trial judge. The acting administrative judge gave permission for the deposition to proceed but did not issue a journal entry on the matter.

{¶3} On April 25, 2001, the parties took the video deposition of the social worker. The defense attorney was present, objected to notice, but participated in the deposition and cross-examined the social worker. The deposition was subsequently used during trial. The jury found Ervin guilty of attempted rape and 11 counts of rape. The trial judge found Ervin to be a sexual predator and sentenced him to ten years imprisonment on the attempted rape count and to life sentences on the rape counts, all to run consecutive.

{¶4} On appeal, *State v. Ervin,* 8th Dist. No. 80437, 2002-Ohio-4093, appellate counsel raised ten assignments of error, including several attacking the social worker's testimony. These included that the trial judge erred in allowing the social worker to testify what the child told him, that the trial judge erred in allowing the social worker to testify after he had destroyed his interview notes with the child, that the social worker improperly opined that sexual abuse had occurred and vouched for the child's credibility, and that the trial judge erred in allowing the social worker's video deposition to be used at trial. This court overruled all of the assignments of error. Specifically, this court ruled that the use of the deposition was proper because the social worker would be unavailable because of sickness or infirmity, and because both Ervin and defense counsel

were present during the deposition and defense counsel was able to subject the witness to full cross-examination.

**{¶5}** In May 2012, Ervin moved to vacate the acting administrative judge's order allowing the deposition. On June 22, 2012, the respondent judge denied the motion to vacate on the grounds of res judicata, lack of abuse of discretion in allowing the deposition, and harmless error because disallowing the deposition would not have changed the outcome of the trial. Ervin now brings this mandamus action to compel the respondent judge to vacate the order allowing the deposition.

**{¶6}** The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); and *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994). Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel.*

*Tran v. McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108, and *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.*, 56 Ohio St.3d 33, 564 N.E.2d 86 (1990). Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977).

{¶7} Ervin relies upon *Berger v. Berger,* 3 Ohio App.3d 125, 443 N.E.2d 1375 (8th Dist. 1981), and *Rosenberg v. Gattarello,* 49 Ohio App.2d 87, 359 N.E.2d 467 (8th Dist. 1976), for the proposition that an administrative judge does not have the authority to rule on a motion unless it is shown that the assigned trial judge is unavailable and that delay on ruling on the motion would be prejudicial. Indeed, this court in *Rosenberg* stated that because the administrative judge did not have authority to grant the motion, "the order granting said motion was null and void." 49 Ohio App.2d at 93. Ervin argues that because the record does not shown the unavailability of the trial judge, the acting administrative judge was without jurisdiction to allow the deposition and his order was null and void. Ervin continues that a lack of jurisdiction is never waived and can be raised at any time. Moreover, he submits that because he has exhausted his remedy by way of appeal, he now no longer has an adequate remedy at law.

{¶8} However, *Berger* does not hold that a substitute judge's order is void, if there is no proper reassignment. The actual holding is: "where the record fails to show proper reassignments of the case to the judges making those rulings, they are voidable and must be vacated on a timely motion or appeal by a party that has not waived his objection

to such irregularity." 3 Ohio App.3d at 125. Furthermore, the courts of Ohio have consistently followed this principle. *State ex rel. Berger v. McMonagle,* 6 Ohio St.3d 28, 451 N.E.2d 225 (1983) — a party possesses an adequate remedy at law by way of appeal to contest the issue of an improper assignment; *State ex rel. Carr v. McDonnell*, 124 Ohio St.3d 62, 2009-Ohio-6165, 918 N.E.2d 1004; and *Morgan v. Morgan*, 5th Dist. No. 99-CA-0136, 2000 Ohio App. LEXIS 693 (Feb. 22, 2000). In *Rolfe v. Galvin,* 8th Dist. No. 86471, 2006-Ohio-2457, ¶ 67, a prohibition action, various judges were assigned, removed, reassigned and served as judges in the underlying cases. Rolfe claimed Judge Galvin's latest orders were void because she had not been properly reassigned to the case. This court rejected the argument because it ignored "the distinction between void and voidable. A void judgment is a mere nullity, and can be attacked at any time, while a voidable judgment is fully effective and valid unless and until it is challenged through direct appeal, thus precluding a collateral attack, such as an extraordinary writ." Thus, because the acting administrative judge's order was voidable, mandamus will not lie to compel its vacation.

{¶9} In summary, Ervin's argument that the acting administrative judge lacked subject matter jurisdiction to issue the ruling is ill-founded. Ervin's proper remedy was to appeal this issue in his initial appeal or after the trial court denied his motion to vacate. The fact that he had an adequate remedy law now precludes a writ of mandamus. *McGrath* and *Boardwalk Shopping Ctr., supra.*

{¶10} Accordingly, this court grants the respondent's motion to dismiss, and dismisses this application for a writ of mandamus. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

_____

_____

KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR