[Cite as *Myocare Nursing Home, Inc. v. Hohmann*, 2017-Ohio-186.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104290**

# MYOCARE NURSING HOME, INC.

PLAINTIFF-APPELLANT

vs.

# WILLIAM HOHMANN, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-823107

**BEFORE:** S. Gallagher, J., Keough, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** January 19, 2017

**ATTORNEY FOR APPELLANT**

Stephen D. Dodd
The Stephen D. Dodd Co., L.L.C.
38109 Euclid Avenue
Willoughby, Ohio   44094


**ATTORNEYS FOR APPELLEES**

David Ross
Matthew B. Barbara
Holly M. Wilson
Reminger Co., L.P.A.
101 West Prospect Avenue
Suite 1400
Cleveland, Ohio   44115

SEAN C. GALLAGHER, J.:

**{¶1}** Myocare Nursing Home, Inc., appeals the partial summary judgment entered in favor of William Hohmann, Kenneth Boukis, and Hohmann, Boukis & Curtis, L.P.A., upon Myocare's legal malpractice claims. For the following reasons, this appeal is dismissed for the lack of jurisdiction.

**{¶2}** Myocare sued its former legal counsel and law firm claiming malpractice. The attorneys and the law firm filed a counterclaim asserting damages for unpaid fees based on the same factual allegations. Partial summary judgment was entered in favor of the defendants, but only resolving the claims advanced in the complaint dealing with malpractice. The interlocutory judgment was not certified for immediate appeal under Civ.R. 54(B). Instead, and ostensibly under Civ.R. 41(A)(1)(b), the parties filed a notice dismissal purporting to dismiss the compulsory counterclaim without prejudice and expressly conditioned upon the outcome of this appeal. According to the parties, the counterclaim would "be refiled pending resolution of the appeal in this matter * * * [and] without regard to any rule or law that might otherwise preclude its refiling." The sole question presented is whether the conditional dismissal converts an otherwise interlocutory judgment or order into a final one capable of being reviewed upon appeal.

**{¶3}** An appellate court has jurisdiction only over final judgments or orders. *See* Article IV, Section 3(B)(2), Ohio Constitution; *Faraj v. Qasem*, 8th Dist. Cuyahoga No.103374, 2016-Ohio-3261, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio

St.3d 17, 20, 540 N.E.2d 266 (1989). Accordingly, an appellate court must determine its own jurisdiction to proceed before reaching the merits of any appeal. *Inwood Village, Ltd. v. Cincinnati*, 1st Dist. Hamilton No. C-110117, 2011-Ohio-6632, ¶ 6, citing *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72. An order, as is pertinent to this appeal, is considered "final" if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." *Id.*, quoting R.C. 2505.02(B)(1). In the absence of a decision resolving all claims against all parties, the trial court may decide fewer than all claims, counterclaims, or third-party claims and make such an order final by certifying that there is "no just reason for delay." *Id.*, citing Civ.R. 54(B), *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).

{¶4} It is beyond dispute that the partial summary judgment entered upon the complaint was not a final appealable order in and of itself; it adjudicated fewer than all claims by leaving the compulsory counterclaim unresolved, and the trial court omitted the Civ.R. 54(B) certifying language. Without considering the impact of the notice dismissal, we would undoubtedly lack jurisdiction to consider the partial summary judgment.

{¶5} Instead of attempting to comply with the requirements of Civ.R. 54(B), the parties forged their own path and dismissed the compulsory counterclaim without prejudice, but expressly conditioned upon resurrecting the compulsory counterclaim following the resolution of the appeal and regardless of the applicable law. In effect, the

parties have attempted to consent to our jurisdiction where it would otherwise be lacking. Civ.R. 41(A)(1)(b) cannot be used to conditionally dismiss a compulsory counterclaim in order to convert an interlocutory judgment into a final appealable one.

{¶6} Civ.R. 41(A)(1) provides that a plaintiff may dismiss all claims without order of the court by filing a stipulated dismissal entry signed by all parties appearing in the action. The rule, however, does not allow parties to conditionally dismiss claims or actions, whether by notice or court order, pending the appellate decision over an interlocutory order. *Infinite Sec. Solutions, L.L.C. v. Karam Props. II*, 143 Ohio St.3d 346, 2015-Ohio-1101, 37 N.E.3d 1211, ¶ 22. Conditional dismissals, ones subject to further action given a predicted set of circumstances, cannot be final orders subject to appeal because such a dismissal by its nature leaves unresolved issues set to arise following the stated occurrence of the stated condition. *Bennett v. Cardarelli*, 9th Dist. Summit No. 16685, 1994 Ohio App. LEXIS 4095, 3 (Sept. 14, 1994).

{¶7} Further, and although it is generally recognized that parties may voluntarily dismiss all claims advanced against a particular party with or without prejudice through Civ.R. 41(A)(1), compulsory counterclaims cannot be dismissed without prejudice subject to refiling for the purposes of creating a final appealable order. Compulsory counterclaims under Civ.R. 13(A) must be litigated in the original action or are forever barred. *Huntington Natl. Bank v. Dixon*, 8th Dist. Cuyahoga No. 101273, 2015-Ohio-1735, ¶ 6. Thus, it is not Civ.R. 41(A) that precludes the dismissal of a compulsory counterclaim without prejudice but Civ.R. 13(A). *Sec. Natl. Bank & Trust*

*Co. v. Reynolds*, 2d Dist. Greene No. 2007 CA 66, 2008-Ohio-4145, ¶ 32. The purpose of Civ.R. 13(A) is "to promote the resolution of all claims arising from the same occurrence or transaction as that involved in the original claim." *Stern v. Whitlatch & Co.*, 91 Ohio App.3d 32, 36, 631 N.E.2d 680 (9th Dist.1993), citing *Lenihan v. Shumaker*, 9th Dist. Summit No. 12814, 1987 Ohio App. LEXIS 6693, 3 (May 6, 1987); *see also Harper v. Anthony*, 8th Dist. Cuyahoga No. 100082, 2014-Ohio-214, ¶ 17.

{¶8} We recognize that the affirmative defense of res judicata, the concept underlying a dismissal of a compulsory counterclaim, is waived if not timely asserted. *State ex rel. Wilson-Simmons v. Lake Co. Sheriff's Dept.*, 82 Ohio St.3d 37, 40, 693 N.E.2d 789 (1998). We are not rendering any decision with regard to whether parties may contract around Civ.R. 13(A) in order to convert an interlocutory order into a final appealable judgment. Our focus is on the fact that the dismissal of a compulsory counterclaim in this case was conditioned upon the resolution of this appeal with the expectation that the counterclaim would be reasserted immediately after our decision.

{¶9} Because dismissals of compulsory counterclaims are presumed to be with prejudice, even if the parties state the dismissal is without prejudice, typically the dismissal is final because all claims are forever resolved. Conditional dismissals of compulsory counterclaims, however, are not final orders within in the R.C. 2505.02 framework. *See, e.g., McNeish v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 61292, 1991 Ohio App. LEXIS 4723, 3 (Oct. 3, 1991) (conditional dismissal of action based on motion by plaintiff was not a final order because it adjudicated less than all

claims); *Cracchiolo v. E. Fisheries, Inc.*, 1st Cir. No. 12-2174, 2012 U.S. App. LEXIS 26931, 1 (Oct. 19, 2012) (conditional dismissal with right to reactivate case in 30 days if settlement is not finalized is not a final appealable order); *Servs. v. Brents*, 2d Dist. Montgomery No. 7915, 1983 Ohio App. LEXIS 12683, 3 (Feb. 23, 1983) (conditional dismissal only becomes final upon occurrence of the stated event for the purposes of Civ.R. 60); *Harris v. Founder's Clinic, Inc.*, 10th Dist. Franklin No. 75AP-37, 1975 Ohio App. LEXIS 8262, 8 (June 10, 1975); *Ohio Cas. Ins. Co. v. Columbia Gas Co.*, 6th Dist. Lucas No. 7843, 1975 Ohio App. LEXIS 7008, 1 (Mar. 7, 1975). The conditional dismissal of a compulsory counterclaim necessarily leaves unresolved issues for future litigation.

{¶10} Adherence to procedural rules is meant to guard against piecemeal litigation. *Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126, ¶ 19. The purpose of Civ.R. 13(A) is to resolve all the parties' grievances flowing from the same facts and circumstances in a single action and the conditional dismissal of the compulsory counterclaim to seek appellate review of an interlocutory decision runs against that goal.

{¶11} Although it seems expedient to address the merits of the partial summary judgment entered against Myocare, if Civ.R. 41(A)(1)(b) was used to conditionally dismiss compulsory counterclaims by agreement of the parties subject to appellate review of an interlocutory order, parties could unilaterally circumvent the procedural mechanisms provided by Civ.R. 54(B) and the trial court's discretion to employ such

measures whenever the parties seek to challenge any interlocutory judgment. *See id.* at ¶ 20 (despite the apparent economy of allowing parties the option to circumvent rules in certain cases, bypassing the procedural rules increases the burden in general). We decline to expand Civ.R. 41(A)(1) solely for expediency. *See, e.g., Pattison* (precluding the use of Civ.R. 41(A)(1)(a) to allow plaintiffs to dismiss some claims against a defendant in order to convert an interlocutory judgment into a final appealable one).

{¶12} The Sixth Circuit addressed a similar situation and likewise found that conditional dismissals are not provided for in the Federal Rules of Civil Procedure, the decision being persuasive given the factual and procedural similarities. *Page Plus of Atlanta, Inc. v. Owl Wireless*, *L.L.C.*, 733 F.3d 658, 659 (6th Cir.2013). In a breach of contract action, the district court granted partial judgment in favor of the defendant, but found issues of fact pertaining to the damages asserted in the counterclaim. *Id.* at 659. Instead of seeking finality through application of Fed.R.Civ.P. 54(b), the parties stipulated to the trial court dismissing the counterclaim with the condition that any reversal of the judgment would afford the defendant the opportunity to reinstate the counterclaim, and the parties agreed that nothing would preclude the assertion of the claims based on the "passage of time." *Id.* Relying on procedural rules generally disfavoring piecemeal litigation, the Sixth Circuit concluded that Fed.R.Civ.P. 54(b) provides the "safety valve" for immediate appeals of partial judgments and the parties' "home-brewed" conditional dismissal was not provided for in the Federal Rules of Civil Procedure. *Id.* "Instead of guaranteeing an end to the litigation, the order guaranteed

that the reserved claim would 'spring back to life'" following the appeal. *Id*. at 660. The appeal was dismissed based on the finding that a conditional dismissal is in essence a nullity because it is not a final order over which the appellate court has jurisdiction.

{¶13} As the Sixth Circuit cogently recognized, "[n]ot only must a final decision leave nothing for the district court to do on the merits, but the finality inquiry should not present the court of appeals with a moving target. An appellate court must be able to determine at the time of appeal whether a final, litigation-ending decision has been entered." *Id.* A conditional dismissal typically fails in this regard. *Id.* This failing is more prevalent in the current case because the parties expressly indicated what will happen upon resolution of this appeal — the compulsory counterclaim will be resurrected. There is no finality in the parties' action.

{¶14} As a result, we must find that the conditional dismissal of the counterclaim in this case is a nullity. This type of dismissal is not provided for in the Ohio Rules of Civil Procedure. Parties cannot conditionally dismiss compulsory counterclaims, with the expectation of refiling those same claims, for the sole purpose of invoking appellate jurisdiction over a interlocutory judgment — especially in consideration of the fact that other procedural mechanisms exist for that express purpose. It is a fundamental principle that neither an appellate court nor the consent of the parties can create jurisdiction where it is otherwise lacking. *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, ¶ 10, citing *Colley v. Colley*, 43 Ohio St.3d 87, 92, 538 N.E.2d 410 (1989) (Moyer,

J., dissenting) (subject matter jurisdiction cannot be conferred by any agreement or consent alone but must be based on the law).

**{¶15}** We lack jurisdiction over this appeal because the parties failed to properly invoke the jurisdiction of this court at the time of filing by either complying with Civ.R. 54(B) and R.C. 2505.02 or by filing a proper notice dismissal of the compulsory counterclaim under Civ.R. 41(A)(1) without any conditions. Because our jurisdiction was not properly invoked upon filing, we also lack jurisdiction to issue a remand order to rectify the situation. *State ex rel. McGinty v. Eighth Dist. Court of Appeals*, 142 Ohio St.3d 100, 2015-Ohio-937, 28 N.E.3d 88, ¶ 13 (appellate authority to issue any order in furtherance of an appeal is entirely dependent on the proper invocation of the court's jurisdiction upon filing).

**{¶16}** Civ.R. 41(A)(1) is unambiguous: parties may dismiss all claims with or without prejudice. Nothing within that rule provides authority to temporarily dismiss claims in order to create appellate jurisdiction over interlocutory judgments. The drafters of the Ohio civil rules anticipated that some interlocutory decisions could alter remaining claims and provided a safety valve in Civ.R. 54(B), providing appellate jurisdiction over interlocutory judgments. We cannot create a superfluous judicial exception when the Ohio civil rules provide the avenue for the parties to seek the desired appeal of an interlocutory judgment. Although the trial court may have been inclined to amend the interlocutory judgment to include the required Civ.R. 54(B) language to create a final

judgment under R.C. 2505.02, that decision rests squarely within the trial court's discretion and is not a decision for the parties or this panel to unilaterally entertain.

{¶17} Having found the conditional dismissal to be a nullity and not authorized by rule, and by implication that the trial court's order recognizing the notice dismissal upon the same terms is void, we are compelled to conclude that the compulsory counterclaim remains pending for final resolution. The interlocutory summary judgment is not a final appealable order as recognized under R.C. 2505.02(B) and Civ.R. 54(B). The appeal is dismissed for the want of jurisdiction.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MARY EILEEN KILBANE, J., CONCUR