[Cite as *Guerrini v. Chanell Roofing & Home Improvement*, 2024-Ohio-585.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DARREN GUERRINI, ET AL.,　　　　　:

　　　Plaintiffs- Appellees,　　　　:

　　　　　　　　　　　　　　　　　　　Nos. 112938 and 112939

　　　v.　　　　　　　　　　　　　:

CHANELL ROOFING & HOME　　　　　:
IMPROVEMENT, LLC,

　　　　　　　　　　　　　　　　:

　　　Defendant-Appellant.

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 15, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CV-21-954068 and CV-22-958516

---

### *Appearances:*

Andracki, Sysak & Artman, P.C., and Richard F. Andracki,
*for appellant.*

The Lindner Law Firm LLC and Daniel F. Lindner, *for
appellees* Darren Guerrini and Frame City Inc.

Dennis G. Rehor, *for intervening appellee* The Cincinnati
Insurance Company.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Plaintiff-appellee Darren Guerrini entered into a contract with defendant-appellant Chanell Roofing & Home Improvement, LLC ("Chanell Roofing") in 2019 for the construction of a roof of a commercial building. The contract contains a mediation and arbitration provision. The roof became detached from the building several months after it was installed. Guerrini alleged the roof was improperly constructed; Chanell Roofing claimed a strong windstorm caused the detachment of the roof. Guerrini settled with intervening plaintiff-appellee the Cincinnati Insurance Companies ("CIC"), and soon after, Frame City, Inc., Guerrini's company, and CIC filed a complaint against Chanell Roofing for additional damages. Guerrini and CIC subsequently dismissed that case and Guerrini filed the instant declaratory judgment action, seeking a declaration that Chanell Roofing is required to submit itself to mediation and arbitration pursuant to the parties' contract. After protracted litigation, the trial court granted Guerrini and CIC's motions for judgment on the pleadings and denied Chanell Roofing's cross-motion for judgment on the pleadings, requiring Chanell Roofing to proceed with the mediation and arbitration process pursuant to the parties' contract. Having reviewed the record and applicable law, we affirm the trial court's judgments.

**The Subject Contract**

{¶ 2} On July 18, 2019, Guerrini, the principal and owner of Frame City, and Chano Boulding, the principal and owner of Chanell Roofing, entered into a contract

for Chanell Roofing to install a new flat roof on a commercial building located in Solon, Ohio for a contract price of $230,000. CIC was the insurer, assignee, and subrogee of Frame City. The contract identifies the "Contractor" as "Chanell Roofing & Home Improvement LLC Cleveland Ohio; Chano Boulding — Project Manager/Owner," and it identifies "Customer" as "Darren Guerrini." Frame City is not identified in the contract as a party to the contract.

{¶ 3} The contract contains an arbitration provision. Paragraph 14 of the contract states:

14. Mediation and Arbitration:

a. In the event of any dispute between the parties to the performance or interpretation of any of the provisions of this Contract, or as to matters related to but not covered by this Contract, the parties shall in good faith confer with each other to try to resolve such dispute. However, if the parties cannot reach a resolution amongst themselves, the parties shall try to resolve such dispute by mediation. The mediation shall be conducted by a mediator acceptable to both parties.

b. Each party may be represented by its own attorney at all phases of the mediation process. If mediation does not result in the settlement of all disputes between the parties, the parties agree that the unresolved dispute shall thereafter be finally resolved by an arbitration to be concluded in Cleveland, Ohio.

**First Case: Frame City's Lawsuit Against Chanell**

{¶ 4} On April 7, 2020, the subject roof became removed from the subject building. Chanell alleged the damage was caused by a strong windstorm. On January 14, 2021, CIC and Guerrini settled for the roof damage in the amount of $234,041.16.

**{¶ 5}** On January 26, 2021, Frame City and CIC filed a lawsuit in CV-21-943319, alleging that the detachment of the roof was a result of improper installation and that the roof's detachment caused extensive damage to the building itself. The complaint alleged negligence, breach of contract, and fraud against Chanell Roofing. The complaint attached an unsigned copy of the contract.[1]

**Instant Complaint for Declaratory Judgment**

**{¶ 6}** On October 7, 2021, Guerrini filed the instant complaint for declaratory judgment against Chanell Roofing, in Case No. CV-21-954068, seeking a declaratory judgment ordering Chanell Roofing to enter mediation and arbitration pursuant to the parties' contract for a resolution of the dispute over the roof incident. On October 20, 2021, CIC filed a "Motion for Leave to Intervene as Plaintiff," which was granted by the trial court.

**{¶ 7}** On November 1, 2021, Chanell Roofing filed a motion to dismiss the instant complaint on the grounds that the first case was still pending before the court.

---

[1] According to Guerrini, a copy of the parties' contract, signed by Guerrini himself alone, was not discovered until July 2021. In Chanell's response to Guerrini's motion for judgment on the pleadings, filed on February 10, 2022, Chanell expressed doubts as to the timing of the discovery. On September 4, 2021, Guerrini initiated an arbitration proceeding with the American Arbitration Association ("AAA"). Chanell Roofing refused to participate. On October 7, 2021, Guerrini filed a motion to intervene on the ground that he is the principal of Frame City.

{¶ 8} On November 11, 2021, Frame City and CIC filed a notice of voluntary dismissal without prejudice in the first case. The trial court then denied Chanell Roofing's motion to dismiss as moot.

{¶ 9} On December 7, 2021, Chanell Roofing filed an answer to the instant complaint. Chanell Roofing alleges in its answer that the roof damage was caused by high winds on April 7, 2020. Chanell Roofing also claims that paragraph 14 of the contract does not require arbitration by the AAA, arguing that the provision states that any mediation shall be conducted by a mediator acceptable to both parties and the AAA is not a mediator acceptable to Chanell Roofing. Chanell Roofing also claims that, by filing a lawsuit against Chanell Roofing in the name of his company, Frame City, Guerrini waived his right to mediation and arbitration. In addition, Chanell alleges that plaintiffs had filed a motion to stay pending arbitration in the first case and that they sought arbitration only after Chanell Roofing filed discovery requests. Chanell Roofing alleges plaintiffs dismissed the first case to gain a tactical advantage over Chanell Roofing.

{¶ 10} Chanell Roofing also claims in its answer that Guerrini lacked standing to demand mediation or arbitration because he has been paid in full for the repair of the roof by CIC. In addition, Chanell Roofing alleges that plaintiffs tried to avoid discovery regarding their allegation that Chanell Roofing improperly substituted certain construction materials and claims that "no suit, mediation or arbitration * * * can fully proceed without discovery and full disclosure" by Guerrini. Finally, Chanell Roofing claims Guerrini's demand of damages between $800,000

and $1,000,000 in excess of the contract price or CIC's payment is contrary to the economic loss doctrine. No counterclaim, however, is raised by Chanell Roofing in its answer.

**Chanell Roofing's Declaratory Judgment Action**

{¶ 11} On January 21, 2022, Chanell Roofing filed a complaint for declaratory judgment against Guerrini, Frame City, and CIC, in Case No. CV-22-958516. It sought declarations that (1) "Frame City, Inc. has been made whole on its loss as a result of the April 7, 2020 windstorm by reason of their insurer, CIC's payment to them of the full cost of repair to their roof, with the exception of their $1,000 policy deductible"; and (2) "[U]nder the Economic Loss Doctrine as applied in Ohio and other applicable Ohio law, Frame City, Inc. is barred from additional recovery from Defendant Chanell Roofing on its claims of negligence and fraud[.]"

{¶ 12} On January 27, 2022, CIC moved to consolidate Chanell Roofing's case with the instant case. CIC argued in its motion that the claims made by in Channel in Case No. CV-22-958516 were in essence compulsory counterclaims that should have been raised in Chanell's answer in the instant case. CIC alleged that Guerrini filed the instant declaratory judgment action to enforce the arbitration provision after Chanell Roofing claimed in a briefing filed on September 14, 2022, in the prior case that "[u]nder the contract, the agreed parties with standing to invoke its provisions are Darren Guerrini and Chanell Roofing, not Frame City." The two cases were subsequently consolidated by the trial court on February 24, 2022.

**Cross-Motions for Judgment on the Pleadings; Motion to Strike and Dismiss Chanell's Declaratory Judgment Action; and Chanell's Civ.R. 13(F) Motion**

{¶ 13} Also on January 27, 2022, Guerrini and CIC each moved for judgment on the pleadings based on the mandatory mediation and arbitration provision in the contract. On February 10, 2022, Chanell Roofing filed a cross-motion for judgment on the pleadings, arguing that Guerrini and intervening plaintiff CIC waived the right to mediation and arbitration in filing the prior suit against Chanell Roofing and obtaining discovery responses from Chanell Roofing. Chanell Roofing also filed an opposition to Guerrini's and CIC's motions for judgment on the pleadings, arguing that plaintiffs failed to meet the requirements for a declaratory judgment and that they waived the right to arbitration. Guerrini and CIC each filed a response to Chanell Roofing's opposition, arguing that Guerrini could not have waived arbitration because the instant declaratory judgment case seeking arbitration is the only action he filed concerning the subject dispute.

{¶ 14} Also on February 10, 2022, Chanell Roofing filed a "Motion for Leave of Court to Set Up Counterclaim by Amendment Pursuant to Civ. R. 13(F)." Chanell Roofing sought leave from the court pursuant to Civ.R. 13(F) to file a counterclaim for the same relief it sought in its declaratory judgment case.

{¶ 15} On May 19, 2022, Guerrini filed a "Motion to Strike and Dismiss Chanell Roofing's Consolidated Complaint," arguing the complaint should be dismissed because the claim for the declaratory relief asserted in that complaint is a

compulsory counterclaim and must therefore be asserted in its answer in the instant case and is waived otherwise.

**Trial Court's Judgments and Appeal**

{¶ 16} The trial court issued four judgment entries in favor of Guerrini and CIC. On June 5, 2023, the court denied Chanell Roofing's "Motion for Leave to Set Up Counterclaim by Amendment" pursuant to Civ.R. 13(F). In addition, it granted Guerrini's and CIC's motions for judgment on the pleadings and ordered Chanell Roofing to submit itself to the mediation and arbitration process pursuant to the subject contract. The trial court also denied Chanell Roofing's cross-motion for judgment on the pleadings. Two days later, on June 7, 2023, the court granted Guerrini's motion to dismiss Chanell Roofing's declaratory judgment case, which had been consolidated with the instant action.

{¶ 17} Chanell Roofing appeals from these judgments in 8th Dist. Cuyahoga Nos. 112938 and 112939. This court consolidated the two appeals for briefing, hearing, and disposition. On appeal, Chanell Roofing raises the following three assignments of error for our review:

I. The trial court committed reversable error in failing to grant Chanell Roofing's Motion for Judgment on the Pleadings on a record which demonstrates that Appellees unequivocally waived their rights to invoke mediation and arbitration under Paragraph 14 of the Contract for Commercial Roofing Services when Appellees filed suit against Channell.

II. The trial court erred in granting Plaintiff's Motions for Judgment on the Pleadings in a Declaratory Judgment action where the facts of record clearly establish that Plaintiffs did not satisfy the threshold requirement of demonstrating that

"speedy relief is necessary to the preservation of rights, which may otherwise be impaired or lost." *Fairview Gen. Hosp v. Fletcher*, 586 N.E.2d 80, 82 (Ohio 1992).

III.    The trial court erred in granting Appellee's Motion to Strike and Dismiss Chanell Roofing's Consolidated Complaint at CV 22-958416 pursuant to Civ.R. 12(B)(1) and simultaneously denying Channell's Motion for Leave to Set Up Counterclaim by Amendment.

{¶ 18} The first and second assignments of error concern the trial court's decision granting Guerrini's and CIC's motions for judgment on the pleadings and denying Chanell Roofing's cross-motion for judgment on the pleadings. We consider them jointly for ease of discussion.

**Motion for Judgment on the Pleadings**

{¶ 19} Pursuant to Civ.R. 12(C), an entry of judgment pursuant to the rule is appropriate "'where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.'" *Hester v. Dwivedi*, 89 Ohio St.3d 575, 577-578, 733 N.E.2d 1161 (2000), quoting *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996). A motion for judgment on the pleadings requires a determination that no material factual issues exist and the movant is entitled to judgment as a matter of law. *Burnside v. Leimbach*, 71 Ohio App.3d 399, 402-403, 594 N.E.2d 60 (10th Dist.1991). In considering a Civ.R. 12(C) motion for judgment on the pleadings, the court is to limit its determination to the allegations in the pleadings and any writings attached to

those pleadings. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165, 297 N.E.2d 113 (1973). *See also State ex rel. McCarley v. [Ohio] Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 22AP-111, 2023-Ohio-3175, ¶ 25 (a motion for judgment on the pleadings is essentially a motion to dismiss for failure to state a claim after an answer has been filed and the court is permitted to consider both the complaint and answer). We review de novo a trial court's decision on a motion for judgment on the pleadings. *Drozeck v. Lawyer Title Ins. Corp.*, 140 Ohio App.3d 816, 820, 749 N.E.2d 775 (8th Dist.2000).

**Chanell's Waiver Argument and its Claim That Guerrini Is Not Entitled to Declaratory Judgment**

{¶ 20} Under the first assignment of error, Chanell Roofing claims the trial court erred in failing to grant its cross-motion for judgment on the pleadings, arguing that Guerrini waived his right to arbitration despite the mandatory mediation and arbitration provision in the subject contract. Under the second assignment of error, Chanell argues the trial court erred in granting Guerrini's and CIC's motions for judgment on the pleadings because the necessary elements for a declaratory judgment are not met in this case.

{¶ 21} We begin our review with the recognition that arbitration is a favored method to settle disputes and both the Ohio General Assembly and the courts have expressed a strong public policy favoring arbitration. *DeVito v. Autos Direct Online, Inc.*, 2015-Ohio-3336, 37 N.E.3d 194, ¶ 12 (8th Dist.). There is a presumption favoring arbitration in Ohio courts when the claim falls within the scope of an

arbitration provision. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 27.

{¶ 22} "If a court determines that the parties have agreed to arbitrate a dispute, it must refer the matter to arbitration." *N. Park Retirement Community Ctr., Inc. v. Sovran Cos.*, 8th Dist. Cuyahoga No. 96376, 2011-Ohio-5179, ¶ 4, citing R.C. 2711.03(A) ("[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.").

{¶ 23} It is undisputed that the subject contract between Guerrini and Chanell Roofing contains a mediation and arbitration provision and that the subject dispute falls within the scope of the provision. Chanell Roofing argues, however, that Guerrini waived the right to arbitration when he filed the first action and engaged in litigation for several months before filing a motion to stay the case pending arbitration. Guerrini argues the first case could not be considered in the instant case because it had been voluntarily dismissed. CIC argues that Guerrini did not waive his right to arbitration because Frame City, not Guerrini, filed the first case and the instant case was filed by Guerrini, not Frame City.

{¶ 24} We first note that, as with any contractual provision, arbitration can be enforced unless the parties waive the right. *Bass Energy Inc. v. Highland Hts.*, 193 Ohio App.3d 725, 2010-Ohio-2102, 954 N.E.2d 130, ¶ 33 (8th Dist.). "A party may explicitly waive its right to arbitration or may implicitly waive its right by failing

to assert it or by participating in litigation to such an extent that its actions are 'completely inconsistent with any reliance' on this right, resulting in prejudice to the opposing party." *Bass Energy, supra,* quoting *Gen. Star Natl. Ins. Co. v. Administratia Asigurarilor De Stat,* 289 F.3d 434, 438 (6th Cir.2002).  However, in light of Ohio's strong public policy favoring arbitration, the party asserting waiver bears the burden of proving waiver, *Morris v. Morris,* 189 Ohio App.3d 608, 2010-Ohio-4750, 939 N.E.2d 928, ¶ 17 (10th Dist.), and the court "will not lightly infer waiver of a right to arbitrate."  *Id.* at ¶ 18.  *See also Crosscut Capital, LLC v. DeWitt,* 2021-Ohio-1827, 173 N.E.3d 536, ¶ 12 (10th Dist.); *Neel v. A. Perrino Constr., Inc.,* 2018-Ohio-1826, 113 N.E.3d 70, ¶ 33 (8th Dist.).  Any doubt as to the existence of a waiver is to be resolved against the party asserting it.  *Rimedio v. SummaCare, Inc.,* 9th Dist. Summit No. 21828, 2004-Ohio-4971, ¶ 13.

{¶ 25} To determine whether a party has waived a right to arbitration, the court applies a totality-of-the-circumstances test.[2]  Furthermore, "[b]ecause waiver

---

[2] The pertinent factors for consideration include

> (1) whether the party seeking arbitration invoked the jurisdiction of the trial court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of proceedings; (2) the delay, if any, by the party seeking arbitration in requesting a stay of proceedings or an order compelling arbitration; (3) the extent to which the party seeking arbitration participated in the litigation, including the status of discovery, dispositive motions, and the trial date; and (4) any prejudice to the nonmoving party due to the moving party's prior inconsistent actions.

*Neel, supra,* at ¶ 34.

is a fact-based issue, an appellate court reviews a trial court's decision about whether a party waived its right to arbitrate for an abuse of discretion." *Midland Funding LLC v. Schwarzmer*, 8th Dist. Cuyahoga No. 111357, 2022-Ohio-4506, ¶ 16, citing *Ohio Bell Tel. Co. v. Cent. Transport, Inc.*, 8th Dist. Cuyahoga No. 96472, 2011-Ohio-6161, ¶ 17.

{¶ 26} Chanell Roofing claims that the totality-of-circumstances test should be applied in the case and Guerrini's waiver of his right to arbitration should be inferred. Chanell Roofing argues that Guerrini, the principal of Frame City, waived the right to arbitration by filing the prior case without asserting a right to arbitration until after discovery commenced in the litigation. It alleges that Guerrini and CIC, after causing Chanell Roofing to expend time and resources to respond to the complaint and answer the discovery requests in the prior case, decided that another judge would be more favorable to them and therefore voluntarily dismissed the prior case. Chanell Roofing also alleges that Guerrini and CIC dismissed the prior case to evade their discovery obligations after receiving Chanell Roofing's discovery responses. Chanell Roofing claims being prejudiced because it is now forced to go into arbitration without the discovery it should have received in the prior case.

{¶ 27} Without citing any authority, Chanell Roofing claims that Guerrini, as the principal of Frame City, is bound by Frame City's conduct and should be deemed as having acted inconsistently with his right to arbitrate. We are unaware of any precedent to support Chanell Roofing's waiver argument. Guerrini is the only party to the contract at issue and Frame City was not a proper party to invoke the

mediation and arbitration provision in the prior case. As such, the trial court was within its discretion to reject Chanell's argument that Guerrini waived his right to arbitration because of what occurred in the prior case.

{¶ 28} Chanell Roofing also claims Guerrini and CIC are not entitled to a declaratory judgment because the elements necessary for a declaratory judgment are not met in this case. "The three prerequisites to declaratory relief are (1) a real controversy between the parties, (2) justiciability, and (3) the necessity of speedy relief to preserve the parties' rights." *ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 1101, ¶ 19. Specifically, Chanell Roofing argues appellees fail to demonstrate that "speedy relief" is necessary under the circumstances of this case. Chanell Roofing alleges that Guerrini and CIC cannot demonstrate the necessity of "speedy relief" for the parties' dispute because, instead of waiting for the trial court to rule on the motion to stay Guerrini and CIC filed in the prior case, they voluntarily dismissed that case and filed the instant case.

{¶ 29} In general, "[a]rbitration 'provides the parties with a relatively speedy and inexpensive method of conflict resolution and has the additional advantage of unburdening crowded court dockets.'" *Cleveland v. Cleveland Police Patrolmen's Assn.*, 2016-Ohio-702, 47 N.E.3d 904, ¶ 21 (8th Dist.), quoting *Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80, 82, 488 N.E.2d 872 (1986). Guerrini, not Frame City, is a party to the subject contract; therefore, it is doubtful that Frame City, who filed the prior case, could successfully invoke the arbitration provision in that case. The dismissal

of the prior case, therefore, would appear to be consistent with Guerrini's desire for a speedy resolution of the instant dispute by way of arbitration. Chanell Roofing's contention that Guerrini fails to demonstrate the necessity of speedy relief to preserve the parties' rights is not well taken.

{¶ 30} In light of the foregoing analysis, we find no material factual issue exists regarding Guerrini's right to arbitration in this declaratory judgment action. The trial court properly determined that Guerrini and the intervening plaintiff CIC are entitled to judgment on the pleadings. The first and second assignments are without merit.

**Chanell Roofing's Declaratory Judgment Action and Civ.R. 13(F) Motion**

{¶ 31} The third assignment of error concerns Chanell Roofing's own declaratory judgment action, which was consolidated with the instant case and ultimately dismissed by the trial court, and its "Motion for Leave to Set up Counterclaim" pursuant to Civ.R. 13(F).

{¶ 32} After filing an answer in the instant action, Chanell Roofing filed a declaratory judgment complaint seeking a declaration that Frame City has been made whole on its loss regarding the roof damage by CIC's payment and that the economic loss doctrine bars additional recovery. Subsequently, Chanell Roofing also filed a motion pursuant to Civ.R. 13(F) for leave to add a counterclaim in an amended answer. Chanell Roofing's counterclaim requests the same declaratory relief sought in its declaratory judgment complaint. Under the third assignment of

error, Chanell Roofing argues the trial court erred in denying its Civ.R. 13(F) motion and in granting Guerrini's motion to dismiss its complaint.

{¶ 33} Regarding Chanell Roofing's motion for leave to file a counterclaim pursuant to Civ.R. 13(F), Civ.R. 13(F) governs an "omitted counterclaim" and it provides that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." Civ.R. 13(F) "places the burden on the movant to justify why he should be permitted to file an untimely counterclaim." *First Natl. Bank of Pennsylvania v. Nader*, 2017-Ohio-1482, 89 N.E.3d 274, ¶ 64 (9th Dist.), citing *Rosenberg v. Gattarello*, 49 Ohio App.2d 87, 94-95, 359 N.E.2d 467 (8th Dist.1976). The movant should include a factual explanation to justify the untimely filing, and a failure to do so is grounds for denial of the motion. *Id.*, citing *Rosenberg* at 95. A decision to grant a Civ.R. 13(F) motion is solely at the discretion of the trial court, and we will not disturb it unless the ruling was an abuse of discretion. *Restaurant Developers Corp. v. Peterson Group, Inc.*, 8th Dist. Cuyahoga No. 85926, 2005-Ohio-5448, ¶ 16.

{¶ 34} Our review of the Civ.R. 13(F) motion reflects that Chanell Roofing does not set forth a factual explanation regarding oversight, inadvertence, or excusable neglect regarding the omitted counterclaim. While the rule also allows the trial court to grant leave "when justice requires," the trial court was within its discretion to deny leave under the circumstances of this case, where the parties' contract undisputedly contains a mediation and arbitration provision and the

proceedings have been highly contentious and unnecessarily protracted despite the arbitrability of the parties' dispute.

{¶ 35} Finally, regarding Guerrini's motion to strike and dismiss Chanell Roofing's declaratory judgment case, which seeks the same declaratory relief as in its Civ.R 13(F) motion, Guerrini argues that these claims are compulsory counterclaims and should have been raised in Chanell Roofing's answer and are waived otherwise.

{¶ 36} Civ.R. 13(A) governs compulsory counterclaims, and it provides, in relevant part, "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *." As the Supreme Court of Ohio explained, Civ. R. 13(A) is intended to "to avoid a multiplicity of actions and to achieve a just resolution by requiring in one lawsuit the litigation of all claims arising from common matters." *Rettig Ent., Inc. v. Koehler*, 68 Ohio St.3d 274, 278, 626 N.E.2d 99 (1994). *See also Myocare Nursing Home, Inc. v. Hohmann*, 8th Dist. Cuyahoga No. 104290, 2017-Ohio-186, ¶ 7, citing *Stern v. Whitlatch* & Co., 91 Ohio App.3d 32, 36, 631 N.E.2d 680 (9th Dist.1993) (the purpose of Civ.R. 13(A) is to promote the resolution of all claims arising from the same occurrence or transaction as that involved in the original claim).

{¶ 37} Consequently, the court has held that when a *compulsory* counterclaim is omitted, the party asserting the counterclaim waives his right to thereafter assert that claim. *Harper v. Anthony*, 8th Dist. Cuyahoga No. 100082,

2014-Ohio-214, ¶ 7 (all existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit, regardless of which party initiates the action, and a party who fails to assert a compulsory counterclaim at the proper time is barred from litigating that claim in a subsequent lawsuit); *Lewis v. Harding*, 182 Ohio App.3d 588, 2009-Ohio-3071, 913 N.E.2d 1048, ¶ 12 (8th Dist.); and *Myocare, supra,* at ¶ 7 (compulsory counterclaims under Civ.R. 13(A) must be litigated in the original action or are forever barred).

{¶ 38} In this case, it is undisputed that Chanell Roofing's declaratory judgment action asserts claims arising out of the transaction or occurrence that is the subject matter of the instant declaratory judgment action and the claims existed at the time Chanell Roofing filed its answer in the instant case. Because Chanell Roofing failed to assert the compulsory counterclaims in its answer, its rights to assert them are waived. The trial court properly dismissed Chanell Roofing's declaratory judgment action raising what would have been compulsory counterclaims in the instant case. The third assignment of error is without merit.

{¶ 39} Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR