OPINION
{¶ 1} This matter is before this court on appeal from a judgment issued by the Lake County Court of Common Pleas on June 11, 2002. The case stems from a declaratory judgment action in the trial court brought by plaintiff, Georgine Saldana, administrator of the estate of Daniel Saldana-Ramirez.
 {¶ 2} Appellant's appeal is founded upon one assignment of error: The trial court erred in granting appellee's cross-motion for summary judgment and denying appellant's motion for summary judgment.
 {¶ 3} In the appealed judgment, the trial court found that Daniel Saldana-Ramirez was an insured and, therefore, entitled to uninsured/underinsured coverage under the automobile policy. The court then denied defendant's motion for summary judgment and granted plaintiff's motion in part and denied it in part. To the extent that plaintiff's motion for summary judgment was denied in part, the court stated, "there is a genuine issue of material fact which remains to be litigated regarding whether Ramirez was an employee of H. Losely 
Son, Inc. at the time of the accident."
 {¶ 4} Clearly, the issue as to whether the decedent, Daniel Saldana-Ramirez, was an employee has yet to be litigated. When an action includes multiple claims or parties and an order disposes of fewer than all of the claims or rights and liabilities of fewer than all of the parties without certifying under Civ.R. 54(B) that there is no just cause for delay, the order is not final and appealable. Civ.R. 54(B); see, also, Jarrett v. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77. Moreover, "[a]n order denying a motion for summary judgment is not a final appealable order.' State ex rel. Overmeyer v. Walinski (1966),8 Ohio St.2d 23, 25. As such, we must sua sponte dismiss this appeal for want of a final appealable order. The Whitaker-Merrell Co. v. GeupelConstr. Co. (1972), 29 Ohio St.2d 184, 186.
 {¶ 5} For the foregoing reasons, this appeal is dismissed for lack of a final appealable order.
JUDITH A. CHRISTLEY and WILLIAM M. O'NEILL, JJ., concur.