[Cite as *Carter v. Lake Cty. Govt.*, 2014-Ohio-4742.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| KATHLEEN CARTER, | **:** | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | **:** | |
| - vs - | **:** | **CASE NO. 2014-L-049** |
| LAKE COUNTY GOVERNMENT, et al., | **:** | |
| Defendant-Appellee. | **:** | |

Civil Appeal from the Court of Common Pleas, Case No. 13 CV 001640.

Judgment:  Appeal dismissed.

*Thomas J. Mayernik*, Ziccarelli & Martello, 8754 Mentor Avenue, Mentor, OH  44060 (For Plaintiff-Appellant).

*Charles E. Coulson*, Lake County Prosecutor, and *Benjamin J. Neylon*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH  44077 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1}   On May 14, 2014, appellant, Kathleen Carter, by and through counsel of record, Thomas J. Mayernik, filed a notice of appeal from an April 15, 2014 entry of the Lake County Court of Common Pleas.

{¶2}   The record in the instant matter reveals that appellant filed a complaint on July 25, 2013, against defendant-appellee, Lake County Government, and defendant, Stephen Buehrer, Administrator, Bureau of Workers' Compensation.  On February 10, 2014, appellee filed a motion to dismiss the complaint, or in the alternative a motion for

summary judgment. In the April 15, 2014 entry, the trial court granted summary judgment as to appellee, Lake County Government. However, there has been no disposition as to defendant, Stephen Buehrer, Administrator, Bureau of Workers' Compensation.

{¶3} On July 18, 2014, this court issued an entry indicating that we may not have jurisdiction to consider this appeal pursuant to Civ.R. 54(B), and ordered appellant within twenty days to show cause as to why the appeal should not be dismissed for lack of a final appealable order. In our judgment entry, we explained that "it appears that the claims against defendant, Stephen Buehrer, Administrator, Bureau of Workers' Compensation, are still pending in the trial court without final disposition."

{¶4} On September 12, 2014, appellant filed a "Reply to Judgment and Motion for Remand." In her reply, appellant agrees that the trial court's April 15, 2014 entry did not contain the requisite Civ.R. 54(B) language. Further, appellant moves this court for a remand to the trial court for an amended judgment entry which includes Civ.R. 54(B) language that there is "no just reason for delay."

{¶5} Civ.R. 54(B) provides the following:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

2

{¶6} This court has repeatedly held that where there are multiple claims and/or parties involved, an entry entering final judgment as to one or more but fewer than all of the claims or parties is not a final, appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *Meffe v. Griffin,* 11th Dist. No. 2012-T-0032, 2012-Ohio-3642, ¶11. *See also Elia v. Fisherman's Cove*, 11th Dist. No. 2010-T-0036, 2010-Ohio-2522, ¶6.

{¶7} In the case at hand, the trial court granted appellee's motion for summary judgment, but did not dispose of the claims against defendant, Stephen Buehrer, Administrator, Bureau of Workers' Compensation. Thus, it appears that there are still claims pending against the remaining defendant. Furthermore, without the inclusion of the Civ.R. 54(B) language, that there is no just reason for delay, no final order exists at this time.

{¶8} With regard to appellant's request that this court remand the matter to the trial court, we note that the trial court has the sole discretion to make the determination regarding the inclusion of Civ. R. 54(B) language. In this particular instance, it is apparent that the trial court chose not to add such language to its April 15, 2014 entry. It is not up to this court to remand the matter to the trial court and instruct it to amend the entry by adding Civ.R. 54(B) language.

{¶9} Based upon the foregoing analysis, this appeal is hereby dismissed due to lack of a final, appealable order.

{¶10} Appeal dismissed.

TIMOTHY P. CANNON, P.J.,
THOMAS R. WRIGHT, J., concur.

3