[Cite as *Lloyd v. Thornsberry*, 2018-Ohio-2580.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| SUSAN LLOYD, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2017-P-0101** |
| JOSHUA THORNSBERY, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2016 CV 00230.

Judgment:  Appeal dismissed.

*Bradley Hull, IV*, Bradley Hull, IV Esq., L.L.C., 3681 South Green Road, Suite 208, Beachwood, OH  44122 (For Plaintiff-Appellant).

*Mark J. Hanna*, P.O. Box 301, Kent, OH 44240 (For Defendants-Appellees).

CYNTHIA WESTCOTT RICE, J.

{¶1}   On December 28, 2017, appellant, Susan Lloyd, through counsel, filed a notice of appeal from an entry of the Portage County Court of Common Pleas.

{¶2}   Appellant filed her original complaint in 2016, against Joshua Thornsberry and C and N Forestry.  Mr. Thornsberry filed a counterclaim.  Appellant amended her complaint and added several other defendants.  Mr. Thornsberry filed a motion for a definite statement and/or motion for separate claims. On March 31, 2017, the magistrate issued an order granting the motion for definite statement and/or motion for

separate claims, and ordered appellant to file a second amended complaint. Appellant appealed that decision. We dismissed that matter for lack of jurisdiction.

{¶3} Subsequently, appellant filed her second amended complaint. Appellees moved for a more definite statement and/or for separate claims. On December 14, 2017, the trial court granted the motion for a more definite statement and ordered appellant to file an amended complaint. It is from that entry that this appeal ensued.

{¶4} On March 13, 2018, this court issued an entry indicating that we may not have jurisdiction to consider this appeal and ordered appellant to show cause why it should not be dismissed. In response, appellant argued that the December 14, 2017 entry is final because the trial court required appellant to divulge privileged information, which makes it a provisional remedy.

{¶5} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶6} R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgment, and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

**{¶7}** R.C. 2505.02(B) states, in part:

**{¶8}** "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

**{¶9}** "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

**{¶10}** "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

**{¶11}** "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. * * *"

**{¶12}** A "provisional remedy" is defined as a proceeding ancillary to an action, including "discovery of privileged matter." R.C. 2505.02(A)(3). An order that requires the release of privileged or confidential information in discovery determines the action with respect to a provisional remedy and prevents the appealing party from obtaining an effective remedy following final judgment because the privileged information has already been released. *Randall v. Cantwell Mach. Co.*, 10th Dist. Franklin No. 12AP-786, 2013-Ohio-2744, ¶ 7. The proverbial bell cannot be unrung after privileged information has been released; thus, orders requiring the production of privileged material are final and appealable. *Id.* Likewise, the denial of a protective order is final and appealable when it relates to the discovery of privileged matters. *Id.* Therefore, we must consider whether the trial court's order is a final, appealable order.

3

**{¶13}** Here, the record does not reflect that appellant filed a motion for a protective order to protect any "privileged information." Had such a motion been filed and denied by the trial court, that entry would have been appealable. However, the December 14, 2017 entry does not grant or deny a provisional remedy. It simply grants appellees' motion for a more definite statement and orders appellant to file an amended complaint. Since the entry does not comply with R.C. 2505.02, there is no final appealable order.

**{¶14}** Based upon the foregoing analysis, the judgment of the trial court is not a final appealable order, and this appeal is dismissed, sua sponte, for lack of jurisdiction.

**{¶15}** Appeal dismissed.

THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.