[Cite as *Willoughby Eastlake City Schools v. Am. Fireworks Co.*, 2026-Ohio-66.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| WILLOUGHBY EASTLAKE CITY SCHOOLS, et al., | **CASE NO. 2025-L-030** |
| Plaintiffs-Appellants, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| AMERICAN FIREWORKS COMPANY, et al., | Trial Court No. 2024 CV 000164 |
| Defendants-Appellees. | |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: January 8, 2026
Judgment: Appeal dismissed

*Douglas J. May*, Travelers Staff Counsel Ohio, 615 Elsinore Place, Suite 610, Cincinnati, OH 45202 (For Plaintiffs-Appellants).

*Dennis R. Fogarty*, Davis & Young, LPA, 35000 Chardon Road, Suite 100, Willoughby Hills, OH 44094 (For Defendants-Appellees).

MATT LYNCH, P.J.

{¶1} This appeal arises from a jury trial in the Lake County Court of Common Pleas concerning property damage allegedly caused by a fireworks display conducted on July 4, 2019, by defendant-appellee, American Fireworks Company ("AFC"), on property owned by plaintiff-appellant Willoughby Eastlake City Schools ("the School") and insured by plaintiff-appellant Travelers Property Casualty Company of America ("Travelers"). For the reasons presented below, we dismiss the appeal for lack of a final appealable order.

{¶2} Plaintiffs-appellants initially filed suit in 2021 and refiled their complaint against AFC[1] on February 5, 2024, asserting claims of negligence, negligence per se, strict liability, res ipsa loquitur, breach of express and implied warranty, and breach of contract. Under each cause of action, plaintiffs-appellants alleged that the roof of the School's property was damaged by the fireworks display; Travelers paid for the total roof replacement at the School's property in an amount equaling or exceeding $1,282,946.77; the School paid its deductible in the amount of $5,000.00; and they are entitled to recover these amounts from AFC.

{¶3} A jury trial was held over five days in February 2025. At the close of plaintiffs-appellants' case, the trial court orally granted AFC's motion for a directed verdict on plaintiffs-appellants' breach-of-contract claim; this ruling was never reduced to writing. The jury found that AFC did not breach a duty of care to plaintiffs-appellants and did not violate a statute that imposes a specific duty, returning a verdict in favor of AFC on the claims of negligence and negligence per se. The jury further found that AFC agreed to be strictly liable to plaintiffs-appellants and proximately caused damage to the roof of the School's property, returning a verdict in favor of plaintiffs-appellants on their claim of strict liability and awarding damages in the amount of $89,169.00. The trial court entered judgment reflecting the jury verdict on February 11, 2025.

{¶4} On appeal, plaintiffs-appellants present six assignments of error challenging the trial court's directed verdict, several evidentiary rulings, and the jury's damages award. Plaintiffs-appellants contend that their substantial rights and ability to

---

1. Erik Bruce Johansen, an AFC employee, was also named as a defendant. Prior to the jury deliberating and reaching its verdict in this matter, the parties stipulated on the record to Johansen's dismissal. The trial court subsequently entered an order dismissing him as a party to this litigation.

Case No. 2025-L-030

prosecute their claims were affected by the trial court's improper exclusion and limiting of testimony and other evidence, and the evidence that was improperly excluded would have shown AFC's unequivocal breach of contract and the necessity and propriety of replacing, rather than merely repairing, the roof membrane. Plaintiffs-appellants represent that "[t]his appeal is not brought to contest liability determinations, as the jury properly found [AFC] strictly liable per the terms of its permit application with the City of Willoughby. The issues remaining for adjudication concern Plaintiffs-Appellants' position that a fair trial was not received with respect to the awarded damages for the replacement of the roof and AFC's breach of its contractual duties." They contend their brief will show that "the trial court made a series of consequential errors with respect to damages that allowed the jury to be led astray in awarding its grossly insufficient and unfounded $89,169.00 verdict. Plaintiffs-appellants' are thereby entitled to retrial on the issue of damages, reversal of the court's granting of directed verdict on their third-party beneficiary contractual claim, and a retrial on Count Six of their Complaint."

{¶5} Upon review of the trial court record and the parties' briefs in this matter, it is apparent that the appealed entry is not a final appealable order because it does not dispose of all claims and does not include Civ.R. 54(B) language.

{¶6} Ohio appellate courts have jurisdiction as provided by law to review and affirm, modify, or reverse judgments or final orders of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution; *see also* R.C. 2505.03. "If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed." *Lloyd v. Thornsbery*, 2018-Ohio-2580, ¶ 5 (11th Dist.), citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

Case No. 2025-L-030

{¶7} Ohio's statutory definition of "final order" provides multiple categories of final appealable orders, only one of which is applicable here; namely, "An order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). When there are multiple claims at issue in an action, the trial court must also comply with Civ.R. 54(B), which requires that "[w]hen more than one claim for relief is presented in an action . . . the court may enter final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay*." (Emphasis added.) In the absence of this Civ.R. 54(B) language, an order that adjudicates fewer than all the claims does not terminate the action as to *any* of the claims or parties and is subject to revision at any time. *Id*. Accordingly, in a multi-claim action, an order that fails to comply with Civ.R. 54(B) is not a final appealable order because it does not determine the action and prevent a judgment. *See Chef Italiano Corp. v. Kent State University*, 44 Ohio St.3d 86 (1989), syllabus ("An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met.").

{¶8} The February 11, 2025 judgment appealed herein addresses the jury verdicts on the claims of negligence, negligence per se, and strict liability, but it does not address the claims of res ipsa loquitur, breach of warranty, or breach of contract. The judgment entry does not include Civ.R. 54(B) language. Moreover, plaintiffs-appellants concede that the directed verdict on the breach of contract claim, which was entered orally at trial, was never journalized. *See* Civ.R. 50(E) ("When in a jury trial a court directs a verdict . . ., the court shall state the basis for its decision in writing prior to or simultaneous

with the entry or judgment.  Such statement may be dictated into the record or included in the entry of judgment.").

{¶9}   A court speaks only through its journal entries, not through oral pronouncements.   *See Gaskins v. Shiplevy*, 76 Ohio St.3d 380, 382 (1996).   In the absence of any judgment entry journalizing the trial court's decision to grant a directed verdict on the breach of contract claim, that claim remains pending and triggers the requirements of Civ.R. 54(B).   The trial court did not make an express finding in the February 11, 2025 judgment that there was "no just reason for delay."   Accordingly, the judgment is neither final nor appealable, and the appeal must be dismissed, sua sponte, for lack of jurisdiction.   *Saldana v. Auto-Owners Ins.*, 2003-Ohio-6409, ¶ 4 (11th Dist.) (dismissing appeal, sua sponte, for want of a final appealable order under Civ.R. 54(B)); *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186 (1972) (admonishing the court of appeals for not dismissing the appeal, sua sponte, on the ground that the judgments were not appealable under Civ.R. 54(B)).   *See also Myocare Nursing Home, Inc. v. Hohmann*, 2017-Ohio-186, ¶ 15 (8th Dist.) ("Because our jurisdiction was not properly invoked upon filing, we also lack jurisdiction to issue a remand order to rectify the situation."), citing *State ex rel. McGinty v. Eighth Dist. Court of Appeals,* 2015-Ohio-937, ¶ 13 (appellate authority to issue any order in furtherance of an appeal is entirely dependent on the proper invocation of the court's jurisdiction upon filing); and *Carter v. Lake Cty. Govt.*, 2014-Ohio-4742, ¶ 8 (11th Dist.) ("[T]he trial court has the sole discretion to make the determination regarding the inclusion of Civ. R. 54(B) language.  . . .  It is not up to this court to remand the matter to the trial court and instruct it to amend the entry by adding Civ.R. 54(B) language.").

Case No. 2025-L-030

{¶10} Plaintiffs-appellants will have a meaningful and effective remedy by way of an appeal once a final judgment is journalized as to all claims. *See Jones v. Natural Essentials, Inc.*, 2015-Ohio-5222, ¶ 7 (11th Dist.); *see also Byers v. Coppel*, 1999 WL 1125060, *2 (4th Dist. Nov. 29, 1999) ("A new appeal may be brought once the directed verdict is journalized or the trial court makes a finding of 'no just reason for delay' pursuant to Civ.R. 54(B).").

{¶11} Appeal dismissed.


JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, the appeal is dismissed for lack of jurisdiction.

Costs to be taxed against appellants.

_____
PRESIDING JUDGE MATT LYNCH

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-030